UTICA, Aug. 1826.

Peters
v.
Newkirk.

New trial granted.

---

PETERS *against* NEWKIRK.

CASE, for distraining the plaintiff's goods, when no rent was in arrear, under the act (1 *R. L.* 436, *s.* 9,) tried at the *Ulster* circuit, *October* 14*th*, 1823, before BETTS, C. Judge.

Plea, the general issue.

It appeared, at the trial, that *Newkirk*, the defendant, had demised certain premises, being a grist-mill, fulling-mill, house, &c. to the plaintiff, for three years from the 20*th* of *May*, 1822, at 300 dollars rent *per annum;* payable out of the carding or fulling book; the defendant to have the privilege of taking the accounts as they stood, beginning either at the top or bottom.   The lease provided that either party might determine it, on three months notice previous to the end of the year.   The witness who proved this lease, did not recollect distinctly when the rent was payable, though he thought it was at the end of the year.

On the 3*d* of *February*, 1823, the parties agreed to destroy the lease, and it was accordingly destroyed ; and

An award made, without giving notice to the parties, so that they can be heard before the arbitrator, is a nullity.

An action does not lie on the statute, (1 *R. L.* 436, *s.* 9,) for double value of goods, &c. for distraining for more rent than is due, or for distraining for rent for which there is no right to distrain; but only for distraining where no rent whatever is due. If there be any, the least rent due, it protects the distrainor, tho'

he may be liable in some other form.

Where a lease is surrendered as to part of the premises, the right to distrain continues as to the residue.

Where rent is agreed to be paid at the end of the year ; but before that time the tenant surrenders part of the premises ; giving a due bill for the rent, payable presently; *held,* that the landlord may distrain for the rent immediately.

Rent may be payable in advance, and may, in such case, be distrained for when due.

they struck a balance of the rent. *Newkirk* agreed to give off and deduct 60 dollars ; and it was agreed in writing, that *Peters* should give up the possession of the grist-mill immediately, and retain possession of the house and barn, with the privileges under the first lease, till the 1*st* of *May*, 1823, and then leave possession ; and that he might finish his cloth in the shop. The balance of rent due to *Newkirk*, was agreed to be $87,75, for which *Peters* gave his due bill in these words : " Due, this 3*d* day of *February*, 1823, to *Christopher Newkirk* on a settlement for rent of the mill, fulling-mill, &c. the sum of eighty seven dollars, seventy five cents, &c." It was also agreed that *Newkirk* should take a shearing machine to be appraised by *C. Sturges*, in part pay of the due bill ; and to be endorsed upon it ; and on the 10*th* of *February*, 1823, he made the appraisement at $85, at the request of the plaintiff, and in the absence of the defendant, who was not notified.

The defendant offered to show by *Sturges*, that in making the appraisal, he took the first cost of the machine, and deducted the damage occasioned by its use ; but that in his opinion, the real value to a man engaged in the clothing business, was not more than 25 dollars. This evidence was objected to, and overruled by the judge.

The distress was made on the 6*th* of *February*, 1823, for the $87,75, and on the 12*th*, after the appraisal of the machine, the plaintiff caused to be served on the defendant a copy of the appraisal, tendered him seven dollars, and demanded a return of the goods distrained. The defendant refused to return the goods, but proceeded to sell them.

The judge decided and charged the jury, that, to protect the defendant, it must appear, not only that rent was due, but that it was due with right of distress. That the jury must be satisfied that the due bill was given for rent then in arrear, or made payable in advance by express agreement. That if the 85 dollars discharged all the rent due on the 3*d* of *February*, the plaintiff was entitled to recov-

er; but if, under the agreement of the parties, any rent was then due and in arrear, they should find for the defendant.

Verdict for the plaintiff $92, single damages, the value of the goods distrained.

*C. H. Ruggles*, for the defendant, now moved for a new trial. He said, that even if the $85 was to be applied as of the 3d of *February*, there was still $2,75 yet due, for which the defendant might distrain, and which would protect him from the penalty imposed by the statute, (1 *R. L.* 436, § 9.) There is an adequate remedy for an unreasonable distress. The statute gives the treble damages, only in a case where no rent whatever is due. Although the first agreement was uncertain, as to the time of payment, the second one changed it, and fixed the time at the 3d of *February*, the date of the due bill.

If the rent was in fact due, this was enough, whether there was a right to distrain or not. The statute applies to a case where no rent is due; not where the party mistakes his remedy. (*Woodf. L. & T.* 258, *Am. ed. id.* 395, *Lond. ed.*)

But the whole $87,75 was due. The award or appraisal of *Sturges* was void for want of notice to the defendant. (4 *Dall.* 232.) At any rate, evidence should have been received to shew the false basis on which the arbitrator made his appraisal.

*J. Sudam*, contra. The rent, as originally reserved, was not of a nature to be the subject of a distress. The reservation was void. (*Shep. Touch.* 80.) But if otherwise, here was no rent in arrear when the distress was made. The original rent had not yet fallen due; and the mere act of giving the due bill did not change the time of payment. But if it did work a change as to the time, we say the situation of the parties was changed by the new agreement. The relation of landlord and tenant ceased for the purposes of a distress. (1 *T. R.* 441. *Bain* v. *Clark*, 10 *John.* 424.) And there was no new agreement which

gave a right to distrain. It was left to the jury upon this question; and they found there had been no change as to the time. In this view, it was immaterial whether the appraisal by *Sturges* was valid or not.

*Ruggles*, in reply. *Bain* v. *Clark* was the case of a distress after a total surrender of the lease. Here a new lease was substituted, and the rent was payable immediately.

*Curia*, per WOODWORTH, J. The evidence as to the basis of *Sturges'* appraisal should have been received. The appraisal was irregular; and not conclusive on the defendant. Both parties should have had notice; so that an opportunity might be afforded to submit their remarks to the appraiser, and adduce proof, if deemed necessary. (4 *Dall.* 232.) The plainest dictates of natural justice require that no man shall be condemned unheard. The right to notice was implied in the agreement to submit. As the appraisement was, in my view, a nullity, the value of the machine was a proper subject of inquiry at the trial, in order to decide whether any rent was due.

If, however, the appraisement be allowed, there remained a small balance due. The question in this case seems to be, not whether the defendant took an unreasonable distress; but simply whether any rent was due. The count on which the plaintiff recovered is clearly founded on the 9th section of the "act concerning distresses," &c. (1 *R. L.* 436;) which provides that whenever a distress and sale shall be made by color of the act, for rent pretended to be in arrear, when in truth "no rent is in arrear or due," the party shall render double the value of the goods. The fact being conceded that some rent was due, this action cannot be sustained, unless the charge of the judge be correct, that there must also be a right of distress.

If it be admitted that the defendant had no right to distrain, the answer is, the plaintiff does not claim to recover on that ground. The statute remedy is relied on. If the case is brought within the statute, the damages are reg-

ulated. The plaintiff shall recover double the value of the goods. A case cannot be within the statute, if rent is actually due, let the right to distrain be as it may. If the defendant had no authority to distrain, he is answerable in a different form of action ; but then he is not liable to double damages. The plaintiff must show a right to double damages, or this action fails. There is no discretion given in the assessment. It seems, therefore, to follow as a necessary consequence, that, whether the defendant had the right to distrain or not, is an immaterial inquiry under the pleadings before us.

But I am of opinion that the defendant had a right to distrain, although the original lease was surrendered and destroyed. The relation of landlord and tenant existed ; for on the 3d of *February*, 1823, the date of the due bill at the time it was given, and as part of the arrangement then made, there was another writing between the parties, by which, among other things, the plaintiff was permitted to remain in the house until the 1st of *May*, then ensuing ; and have the privilege he had had in the same, and in the barn ; and to finish his cloth in the shop. The effect of the arrangement was, that the plaintiff gave up a part of the premises, and retained the residue to the end of the year. The due bill is stated to be a settlement up to the 1st of *May ;* so that it included all the rent claimed for the year ; as well the rent on the premises retained by the plaintiff to *May* 1st, as the rent which had accrued when this agreement was made.

The operation of the settlement was, to make a part of the rent payable in advance. This is no objection to the right of distraining. ( *Gilb. on Rents*, 25. 2 *T. R.* 600. 4 *Cowen*, 576.)

If it be urged that the due bill also included the rent, accrued on the original lease, prior to its surrender, and as to that there could not be a distress ; it only proves that the distress may have been unreasonable, the defendant having distrained for the whole ; but it does not destroy the right altogether.

I perceive, therefore, no ground to question the author-
ity to distrain. (*Cornell* v. *Lamb*, 2 *Cowen*, 652.)

This case is clearly distinguishable from *Bain* v. *Clark*,
(10 *John*. 432.) There the tenant surrendered the lease,
and quit the premises. The relation of landlord and tenant
having ceased, the personal responsibility of the tenant,
on his agreement to pay, alone remained.

The verdict must be set aside; and a new trial granted,
with costs to abide the event.

New trial granted.