NEW-YORK,
May, 1831.

Smith
v.
Lockwood.

---

SMITH, administrator, &c. *vs.* LOCKWOOD, executor, &c.

The *statute of limitations* is not a bar to an action of *debt* upon an *award* under the *hands and seals* of arbitrators, although the submission be not under seal.

*It seems* that in an action of debt on an award *not* under seal, the statute cannot be pleaded if the *submission* be under seal; and even if the submission be not under seal, the award being in the nature of a judgment, will be regarded as a specialty, in reference to the statute.

DEMURRER to replication. The action is *debt*, and the declaration contains three counts. The *first count* sets forth a submission by *bond*, bearing date 25th March, 1817, of a certain suit, and all other controversies existing between A. Hall, the intestate, and B. Bowen, jun., the testator to the arbitrament of three persons, so that the award of the arbitrators should be made in writing, under their hands, on or before the 28th of March, 1817; and that on the day specified in the submission, the arbitrators made their award *in writing*, under their *hands and seals*, whereby they ordered Bowen to pay to Hall $178, $\frac{97}{100}$, and the count then concludes in the usual form. The *second count* sets forth a submission between the same parties,

NEW-YORK, on the 25th March, 1817, to the same arbitrators, (without
May, 1831. specifying whether the same was in writing or by parol,) so
that their award should be made in writing by 28th March,
1817, and that on the day specified, the arbitrators made their
award *in writing*, under their *hands and seals*, ordering Bow-
en to pay to Hall $178$\frac{97}{100}$, and this count also includes in
the usual form. The *third count* is an *indebitatus assumpsit*, on
the promise of the testator, for work, labor and services, goods
sold money lent, &c. the indebtedness being laid on the 25th
March, 1817, and this suit being commenced in February,
1828. The defendant *pleads*, 1st. *nil debet*, and 2d. *actio non
accrevit infra*, &c. to the whole declaration. To the second
plea the plaintiff puts in *three* distinct replications; in the first,
saying that he ought not to be barred from having and main-
taining his action against the defendant, " upon the matters set
forth in the *first* count of the declaration," because, &c. set-
ting forth the execution of an arbitration bond by Bowen, un-
der his *seal*, providing for an award in writing, under the hands
of the arbitrators, and the making of the award, under the
*hands and seals* of the arbitrators, and averring the award thus
made to be the same set forth in the first count of the declara-
tion ; the second and third replications are precisely like the
first, except that they are applied to the *second* and *third* counts
of the declaration. To these replications the defendant put in
a *demurrer*, and the plaintiff joined.

Margin case caption:
Smith
v.
Lockwood.

A. *Loomis* for defendant.

D. *Burwell*, for plaintiff.

By the Court, Sutherland, J. The principal question in
this case is whether the *statute of limitations* can be pleaded to
an action of *debt*, upon the award of arbitrators.

The first count in the declaration states that the submission
was by *bond*, and that the award was under *hands and seals of
the arbitrators*. The second count merely alleges that the parties
submitted themselves to the arbitrament of A. B. & C. (without
saying whether it was by bond, or by parol,) and that the arbitra-
tors made their award in writing, *under their hands and seals*; but

it is not averred in either count that it was provided by the submission that the award should be made under hand and seal, but merely that it should be in writing. The case of *Hodsden* v. *Havridge*, 2 Saund. 64, expressly decides that an award *under the hands and seals of the arbitrators*, is not within the statute of limitations. The submission in that case does not appear to have been by deed, but it provided that the award should be *under hand and seal.* Saunders, who was counsel for the plaintiff, contended that the statute did not apply, on two grounds : 1st. Because the award was a specialty, being under hand and seal; and 2d. If it were not a specialty, he contended that it was not within the statute, because the statute, in its terms, applies only to such actions of debt, without specialty, *as are founded upon a lending or contract;* and the contract he maintained must be a contract *in fact*, and not a contract raised by law. The reporter states that the whole court resolved for the plaintiff; Kelinge, Ch. J. principally on the first ground, that there was a sufficient *specialty* to take the case out of the statute ; and Twysden, J. principally because the action was not founded upon a *lending or contract*, within the meaning of the statute ; and the other judges consenting to both points.

This court, in *Pease* v. *Howard*, 14 Johns. R. 480, say, that the statute of limitations is not a bar to every action of debt, but only to those brought for arrearages of rent, or founded upon *any contract* without specialty ; and it is observed that the settled construction of the statute is, that it applies solely to actions of debt, founded upon *contracts in fact*, as distinguished from those arising from construction of law. The action in that case was debt upon a judgment rendered by a justice of the peace, and the plea of the statute was overruled. Judge Van Ness, who delivered the opinion of the court, says : " I conclude that an action of debt upon a justice's judgment is not barred by the statute of limitations, 1st. Because, as such judgment is conclusive evidence of the debt, is a debt *by specialty*, and not by simple contract merely ; and 2d. Because the action is not founded on a *contract in fact*, within the meaning of the statute, and actions of that description only are within its words, and not actions of debt, without specialty generally. Now

NEW-YORK,
May, 1831.

Smith
v.
Lockwood.

both of these reasons are as applicable to an award, as to a justice's judgment.    An award *is in the nature of a judgment;* the arbitrators are judges, chosen by the parties themselves : nothing *dehors* the award can be pleaded or given in evidence to impeach it at law, and in equity it can be impeached only on the ground of partiality or corruption in the arbitrators; it is a final end and determination of the matters embraced in the submission, and they can no more be overhauled than the subject matter of a judgment in a court of record.    1 Willes, 122 ; 2 id. 148 ; 1 Salk. 73 ; 2 Johns. R. 62 ; 3 id. 368 ; 10 id. 147 ; and the authorities cited in those cases.    9 Johns. R. 38.    5 Wendell, 516.    An award, then, is not a mere simple contract ; it is of a higher nature even than a sealed instrument ; it has many of the attributes of a judgment ; it must therefore be a specialty, within the meaning of the statute of limitations.

It is equally clear, from the same considerations, that it is no more a contract in fact, than is a judgment.    It is the judgment or determination of a competent tribunal, upon the right of the parties, in relation to the matters submitted to it, and in judgment or construction of law the parties are bound to carry into effect such determination ; and such duty or obligation may be enforced by action, in like manner as the duty to pay a judgment.    It would seem to be immaterial, in this view of the case, whether the award be under seal or not ; its legal effect is the same in both cases ; it is a final and conclusive determination of the matters submitted, and it is that characteristic which constitutes it a specialty.    On these ground, therefore, the statute is no bar, and the plea is bad.

But there are other views of the case which lead to the same result.    It has been held that an action of debt for arrearages of rent, reserved by indenture, and also debt for an escape of one in execution, are not within the statute of limitations, 1 Saund. 37, 8, 9 ;  2 id. 64 ; *Cochrane* v. *Welby,* 2 Mod. 212 ; because they are not founded on contract in fact, and also, because they are founded remotely, though not immediately, the one upon the indenture, and the other upon the statute which gives the action, both of which are specialties.    Our statute concerning sheriffs, 1 R. L. 427, § 26, provides that no action shall be brought against any sheriff for an

escape, unless the same be brought within one year. This embraces an action of debt, as well as an action on the case. Now, though an award be not under seal, the submission was by deed ; an action of debt upon the award, is as much founded upon the submission as debt for rent is upon the lease. The specialty in both cases is but inducement to the action ; the action is not directly founded upon it, else *nil debet* would not be a good plea ; 1 Saund. 39, note 3 ; still, cause of action is so connected with the specialty as not to be within the statute. Considering the award in this case, therefore, as not under seal, the submission was, and that is sufficient to take the case out of the statute. The plea, therefore, so far as it relates to the first and second counts which are upon the award, is bad in substance, and it is unnecessary to consider whether the replications to the plea are good or not, so far as those counts are concerned.

The plea is to the whole declaration, and not to each count separately. The plaintiff, however, has treated it as a plea to each count, and has put in three distinct replications, each containing the same matter, and each concluding with a prayer for judgment, and by reason of the matters and things set forth in the first count, in the second count and in the third count. The third count is the common *indebitatus* counts for money lent and advanced, &c. work, labour and services performed, and goods sold and delivered ; to this count the plea of the statute of limitations is unquestionably good, and the replication does not aid the count. The replication treats the third count as though it were a count upon the award, and sets forth the submission and the award, and then avers that it was the same award set forth and stated in said third count, and prays judgment upon that count. Now the third count, as has already been remarked, makes no allusion whatever to any award or arbitration, and the replication is therefore a total departure from the count, and is bad on that ground. But the plea being to the whole declaration, and not to each count, and being bad as to two counts, the plaintiff is entitled to judgment generally, although the plea would have been good had it been put in to the third count only.