Whitehead, J.
The first question is brought up by the demurrer to the second and fourth pleas. The questions raised by these pleas are substantially the same, and involve the construction of the agreement of the parties. The allegations in the declaration are, that the farm was demised to the defendant for the term of three' years, with the privilege of the orchard for the term of ten years, if the farm was not sold before that time; if sold, then and in that case the orchard was to be appraised, &e. The answer of the defendant by her second plea is, that she did not sell the one-half part of the orchard, but in the article of agreement with the purchaser for the sale of the farm, the right of the plaintiff to the orchard was excepted and reserved thereout j and that the purchaser afterwards by his agreement with the defendant, did agree, &c. By her fourth plea she says, the farm was not sold so as to prevent the plaintiff from enjoying the privilege of the orchard, for the term of ten years.
The defendant insists that the matters set forth in these pleas sufficiently answer the allegations in the declaration, because the right and privilege of the plaintiff in the peach orchard were not sold; or the farm was not sold so as to affect his right, or disturb him in the enjoyment of his privilege. These matters are no answer to the allegations in the declaration. The defendant’s covenant was not that the orchard should be appraised if the plaintiff’s right to it was sold, or if the farm was sold so as to affect his right, or disturb him in the enjoyment of his privilege. It was absolute, depending upon no such contingency. If the farm was sold, then the orchard was to be appraised, &e. The defendant may have had good reasons for insisting upon this .provision, in the event of a sale of the farm by the defendant. He had incurred the expense of setting out and cultivating the trees, and may have thought he would be hazarding too much, to substitute, in the place of the defendant, another person and a stranger, as landlord or co-tenant of the orchard. With respect *505 to the agreement between the defendant and her purchaser, set out in the second plea, it is sufficient to say, the plaintiff was no party to it, and in the event of a breach by the purchaser the plaintiff could maintain no action against him. I think the circuit court was right in sustaining the demurrer to these pleas.
Another objection by the defendant’s counsel is, that the appraisement was made on a wrong basis; that if any appraisement whatever was required by the indenture, it should have been made at the time of the sale in March or April, 1839 ; or if made afterwards, then it should have been of the value of the orchard at that time. By the terms of the lease, the plaintiff was to enjoy the whole property, absolutely for the term of three years, and the peach orchard for a longer period, unless a sale of the farm was made; if sold, then and in that case, the orchard was to be appraised. The defendant’s counsel insist that the word then fixes the time when the appraisement was to be made, to wit, the time of the sale. I do not. so regard it. The word then, in the connexion in which it is here found, is not an adverb of time fixing the period when the appraisement w'as to be made, but of contingency, to wit, the sale of the farm, and means in that event. In this sense, it is manifest, it was used by the parties as denoting the event, upon which the appraisement was to be made. The event occurred, and the question is, when was the appraisement of the orchard to be made ? I think at the end of the plaintiff’s tenancy. For until that time, he was entitled to the possession and enjoyment of the whole property. His right to the property, under the lease, could not be affected by a sale by the defendant; nor would a sale relieve him from his obligations, as tenant, to bestow all proper care and cultivation upon the orchard during the term. The parties themselves gave to the instrument a proper construction, and acted understandingly in agreeing upon men to make the appraisement at the end of the term.
If I am right in my construction of the covenant with regard to the time when the orchard was to be appraised, then there was no error in rejecting the evidence offered by the defendant, with respect to the price of the trees and the expense of putting them out. For the value was to be ascertained, not when the sale was made, but when the plaintiff, by the terms of the lease, *506 surrendered the possession of the premises. In this view, the evidence was irrelevant.
Another error assigned is the admission of the paper-writing signed by the appraisers. If it be regarded as an award of arbitrators, it is said, it cannot be competent evidence, because the arbitrators were not sworn, nor had the defendant notice of their meeting. If we consider this writing as an award, another question arises, whether the defendant can set up these matters as a defence. The evidence shows the appointment of Arrowsmith and Hoff, by the parties, for the specific duty of appraising the orchard. Now it is a well settled rule of law that in an action upon an arbitration bond, no illegality, nothing dehors the award invalidating it, can be pleaded or given in evidence. 3 Johnson Rep. 369; 10 John. Rep. 143; 5 Halst. Rep. 7; 5 Wendell 516. It is not necessary however to express an opinion upon this view of the case, as I do not regard this as a case of arbitration, and coming within the provisions of our act for regulating references and determining controversies by arbitration, Elm. Dig. 14, for the reason that this reference did not end any controversy. Sec. 1. There was here no controversy to decide. It was merely a reference of a collateral fact, to wit, the value of the orchard ;' the parties agreeing to substitute the judgment of the referees upon that question, in the place of evidence. See Elmendorf v. Harris, 5 Wendell 516; 522, 523 and note. When the price of an article is submitted in this way to the judgment of a third person, it is not necessary he should be sworn.
The allegation, that the defendant had not notice of the time and place of the meeting of the appraisers, is not sustained by the evidence in the case. Mr. Hoff testifies, that on the last day of March 1841, he was requested by the parties to serve as an appraiser; to which, after some objection made by him, he consented ; he then says, “ we were to meet the next day and view the orchard; it was so understood ‘ at the time, and in the presence of the parties.” Again, on his cross examination he says, “ it was the request of both parties that we should meet the next morning.”
I find no error in the admission or rejection of evidence by the *507 circuit court, and am of opinion that the judgment should be affirmed.
Cabpbxtbe, J.
The first question raised in this case by the counsel of the plaintiff in error, is as to the correctness of the court in overruling the second and fourth pleas on demurrer to these pleas by the plaintiff below. The sufficiency or insufficiency of these pleas depends upon the construction given to the article of agreement between the parties. The defendant in the action below leased to the plaintiff a certain house and farm, for the term of three years from the 1st of April 1838,with certain privileges specified in the article of agreement; “ and the” additional “ privilege of a field, <&c., on which the said William has set out a peach orchard, for the term of ten years, if the said farm is not sold before that time; and then and in that case said orchard is to be appraised, and the equal one-half of said appraisement is to he awarded to the said W. C. Irwin, &c.” It was a lease of the premises for three years, with the additional privilege of a peach orchard for ten years ; but; with a proviso, that such privilege of the peach orchard should cease, on a sale of the property ; in which case the plaintiff, who had risked his money and his labour in its planting and cultivation, should be remunerated, not by the repayment of his expenses, but by the payment; to him of one-half of its appraised value. The property was sold by the defendant and one William Pintard, they being the executors of Samuel Pintard deceased, in pursuance of authority vested in them by the will of their testator. At the expiration of the lease above mentioned, on the 1st of April 1841, the plaintiff and the defendant mutually agreed to refer the matter of the value of the orchard to two persons chosen by them to make an appraisement thereof. The appraisers, so agreed upon and charged with this duty, accordingly made an appraisement, and the plaintiff has brought this suit to recover the one-half thereof under the covenant already recited. The defendant pleads substantially, that the sale was so made as not to disturb the rights of the plaintiff; and further that in an agreement, which she says was made between her and one of the purchasers, the said purchaser covenanted that he would not disturb, nor would he suffer any *508 other person to disturb or molest the plaintiff from pursuing his lawful business on the said farm. But the plaintiff was no party to the covenant between the defendant and the purchaser, he could not avail himself of it in case its stipulations were infringed, and is in no wise bound by it. It was between others, and cannot affect his rights. This argument may therefore be laid out of the question, and the plea which depends upon it must fall to the ground. But the second and fourth pleas cannot be sustained for another reason; that is to say, because'the covenant is an absolute and unconditional agreement to pay one-half of the appraised value, in case of sale made of the property. The rights of the plaintiff, in such case, and on the expiration of his lease, as to'the possession of the orchard failed, and the right of remuneration then attached. He was not to look to the forbearance of the purchaser, and to ask for remuneration when ejected ; but the agreement was absolute to remunerate him, when the property should be no longer his to enjoy of right.
But it is alleged that the declaration is essentially defective, and the plaintiff below having demurred to the pleas, the counsel of the defendant insist upon her right to go back to the first error in the pleadings. It is alleged that the declaration is essentially defective, because there is no averment that possession was taken, by the tenant under the lease. In an action of covenant, by the lessor against the lessee for rent upon a sealed lease, it would not be necessary to allege an entry on the part of the tenant; the liability being under the covenant, and not by the occupation. So here, I apprehend, the liability of the defendant being by virtue of the express covenant, and not consequent or depending upon the fact of occupation, no averment of entry by the tenant can be necessary.
Again, it is said that there is no covenant set forth on the face of the declaration by which the defendant agrees to pay the plaintiff the one-half of the appraisement. But the covenants are stated in the declaration in the very words of the article of agreement, which, in a case of doubtful construction, is generally considered the safest mode of pleading. The words of the covenant as set forth in the declaration are, “then and in that case said orchard was to be appraised and the equal one-half of said *509 appraisement was to be awarded to the said plaintiff.” Awarded by whom ? Not by the appraisers ; their duty was simply to ascertain the value; but when the value should be ascertained by these appraisers, then awarded, that is, paid by the defendant to the plaintiff. Such, it appears to me, is the only intelligible construction that can be placed on this language, and it is a construction which sustains the declaration.
The appraisement or award of the value of the orchard was objected to on the trial, on the ground that the arbitrators were not sworn, and the objection being overruled, a bill of exceptions was sealed on this point. Supposing it, under our statute, to be necessary to the validity of all awards, that the arbitrators should be sworn, is this technically an award within the provisions of the statute? In my judgment, the submission in this case was no proceeding having the final ending of this controversy as its immediate object. It was but the reference of a collateral fact— the submission of a particular question, forming only a link in the plaintiff’s ease. The proceeding and the appraisement under it did not put an end to the controversy; it barely substituted the judgment of the referees in the place of evidence, leaving the controversy open. It may be necessary to the plaintiff’s recovery as a part of his case, but no recovery can be had upon the report or appraisement itself. Although such reference or submission has several of the characteristics of an arbitration, yet it still falls short of its principal feature, the ending of the controversy. The appraisement in this case may be likened to the purchase of an article, under an agreement to pay what a third person may say the article is worth. The report of this third person will bind the parties, it becomes the act of the parties and they will be concluded by it, but it is no award in the technical sense of the term. Such appears to be the doctrine now held in the state of New York. Elmendorf v. Harris, 5 Wend. 516, (521). I am of opinion that the report of the two appraisers was an appraisal merely and not an award within the statute, and that the same was properly received in evidence.
In regard to the remaining objections. Upon a reference of the value of an article or of property to the judgment of others, by the act of the parties, in order to ascertain the amount of a *510 liability or indebtedness, while the appraisement is not to be dignified with the name of an award yet it bears an analogy thereto. The appraisers, as well as arbitrators are judges of the respective parties own choice, and their report, on an agreement to pay what they may decide to be the value, when pursuant to the authority and in the absence of fraud or collusion, is conclusive. As in the case of an award, if made in pursuance of their authority, it effectually decides the rights^ of the parties, becomes their act, and they will not be permitted to controvert its correctness or to deny its validity. In my judgment, for this reason, the evidence offered by the defendant as to the original cost of the trees and their value in 1839 was inadmissible. So, in relation to the further offer to prove that, at the time of the valuation and appraisement, a large portion of the trees were from disease valueless, and that the remainder soon after died without having produced any fruit. To all this there was the plain answer; the parties submitted themselves to the judgment of persons chosen by themselves and their judgment was conclusive. If the judgment of the appraisers was conclusive, the court below was right in the rejection of the evidence offered.
But I am further of opinion, that the appraisers did not err as to the time to which the appraisement refers. From the whole context and intent of the covenant, it is plain to my mind, that it was when the interest of the plaintiff was affected, and his property in the trees divested, that his right of remuneration attached. “ Then and in that case” the orchard was to be appraised and to that period in my judgment the appraisement properly referred.
It is alleged, that Mrs. Pintard had no notice of the time or place of meeting of the appraisers, nor of their adjournment when the report was drawn or signed. In regard to the signing, notice appears to me to have been unnecessary. The appraisers had fully agreed upon their report, and might properly put it in form and add their signatures afterwards, without the presence of the parties, and without giving them notice to attend. The case cited on this point from Coxe’s Reports, p. 144, in regard to the signing of an award by arbitrators separately, is no authority for declaring an award or an appraisement void on this or any similar ground. *511 That was the case of an application to the equitable power of the court, of which the submission had been made a rule of court. The award having been drawn up by counsel and carried by him to each arbitrator and so signed, without the opportunity of mutual consultation, the court under all the circumstances of the case was of opinion, not that it was void, but that the award should be set aside. The award was not declared a nullity, but was simply set aside. If an award be fully agreed upon by arbitrators, is at least very doubtful, whether the mere signing separately would be a valid ground to set it aside, even on a regular application for that purpose. Little v. Newton, 2 Man. and Granger 351. (40 E. C. L. Rep.) Battye v. Gresley, 8 East 319. Most certainly it would be no ground to declare it a nullity in an action on the award itself.
In regard to the alleged want of notice of the time and place of meeting of the appraisers, I apprehend it is very questionable, whether such allegation, if sustained by the evidence, would make the appraisement a nullity and form a defence at law, under the plea of no appraisement. In Peters v. Newkirk, 6 Cow. 103, which was a matter of appraisal, it was said, though not necessary to the decision of the cause, that the appraisement was void for want of notice to the person to be charged with it. The doctrine, there held, was supposed by the judge who delivered the opinion of the court, to be drawn from the doctrine of awards ; but unless there is an essential difference in relation to this point, between an award upon matters in controversy between parties and a bare appraisement, it cannot be supported. No notice of hearing, by the clearest authority both in this state and in the English courts, forms no defence at law in an action on an award by special .plea, and much less under the plea of “ no award.” In many cases, when the submission has been made a rule of court, this irregularity has been urged and indeed held as a ground for setting the award aside, but I have found no satisfactory authority, in which it has been held to avoid the award in an action on the award. See Braddick v. Thompson, 8 East 344; Sherron v. Wood, 5 Halst. 7. Elmendorf v. Harris, 5 Wend. 516. This matter cannot he pleaded in bar, nor serve otherwise than as a ground when made a rule of court, to apply to the equitable power of *512 the court, for the purpose of setting aside the award. Under a common law arbitration relief could only be had in chancery. Richards v. Drinker, 1 Halst. 307. Barlow v. Todd, 3 John. 367. Perkins v. Wing, 10 John. 143. Unless indeed in those States, which have not the advantage of separate courts of equity, or of equity process, and where pleas, setting up want of notice or other irregularities, seem indispensable to the attainment of justice. See Bean v. Farnam, 6. Pick. 273.
The doctrine therefore, that a bare appraisement may be avoided in this mode on the ground of no notice, dei’ives no support from the doctrine of awards. It is however not necessary to pursue this point further. The allegation is not supported by the evidence. I think a different conclusion, in point of fact, may reasonably be inferred from the evidence which is detailed in the bill of exceptions.
I am therefore of opinion that the judgment be affirmed.
Hornblower, Ch. J.
I entirely concur in the opinions delivered by my brothers Whitehead and Carpenter; and will only add, that so far as respects the objection, that the persons appointed to appraise the value of the peach orchard, were not sworn, I am perfectly satisfied, that there is not the least foundation for it. In Leeds v. Burroughs, 1 East 1 the agreement between the out-going, and the in-coming tenant was, that the latter should buy the hay of the former; and that the former should allow to the latter the expense of repairing the gates and fences ; and that the value of the hay, and the expenses of repairing the gates, should be settled by third persons. The court held that nothing being referred to the appraisers, except the mere value of the hay, on the one side, and the expense of repairing the gates, on the other, it was no arbitration, and an award stamp was unnecessary. Le Blanc, J., said it was only left to persons to put a value on articles, which the party had already agreed should be paid for — and Lord Ellenborough, in a note to the same case, is reported as expressing himself to the same effect.
Neyius, J. and Randolph, J. concurred.
Judgment affirmed
Cited in Richardson v. Lanning, 2 Dutch. 132; Inslee v. Flagg, 2 Dutch. 373.