Robertson, Ch. J.
If I were satisfied that the complaintj in this case, by any fair legal construction of its language, .contained two alleged causes of action,- as numbered first and second, separately stated and distinguished by appropriate words, (Benedict v. Seymour, 6 How. Pr. R. 298,) I should also be satisfied that the statement of each was demurrable; one, because a party cannot recover in an action at law for the price, of land, without tendering a conveyance for it on the day fixed by the contract, and the other as wholly unintelligible, without some reference to the former, which it does not make. But I am .convinced, on full reflection, that there is but one *657 cause of action stated, or intended so to be, and that occupies the whole complaint.
Numbering causes of action, besides stating them separately, is not required by the Code, but only by a rule. (19.) Consequently, an omission is a mere irregularity, the remedy for which is to return the pleading, (Corbin v. George, 2 Abb. 466,) or move to set it aside for irregularity, (Blanchard v. Strait, 8 How. Pr. R. 85,) or at most to strike out all allegations not pertaining to a single cause of action. (Benedict v. Seymour, ubi sup.) When inserted, they do not necessarily designate separate causes of action.
The Code requires the construction of pleadings,' to determine their effect to be liberal, in order to accomplish substantial justice. (Code, § 159.) A construction of a pleading, which should so divide it as to make one part an insufficient statement of a cause of action, and the other unintelligible, when, by uniting them, a good cause of action would be made out, would not comply with such rule. The demurrer, in this case, objects to the whole complaint, that it does not contain facts sufficient to constitute a cause of action. It would seem to be illogical to sustain it, if the complaint did contain such facts. How far a demurrer can be taken in such form, even if two counts, in a declaration avowedly separate, contain, together, facts enough to constitute a cause of action, has not, so far as I have been able to ascertain, been adjudicated. All other causes of demurrer mentioned in section 144 of the Code, except the third, of course apply to the whole complaint as an entirety. The complaint is required to contain a plain and concise statement of facts constituting a cause of action, (§ 142.) But the plaintiff is authorized to unite several causes of action in the same complaint, which are required to be separately stated, (§ 167.) Surely, the demurrer ought to be to the statement of each separate cause of action as insufficient. The rule that there can be no demurrer to a demurrer, is abrogated when the causes of demurrer are forbidden by statute.
There is no technical mode of distinguishing and separating causes of action. (Hall v. McKechnie, 22 Barb. 244.) The *658 proper mode of doing that has been held to be, to commence the statement of each cause of action with words adapted to separate and distinguish it from others. (Benedict v. Seymour, ubi sup.) A mere number (second) and the words “ and the plaintiff further shows,” as in this case, are not so distinctive. The latter was the common commencement of every allegation in a bill in equity. Such words cannot be construed to mean any thing more than the commencement of an additional allegation, particularly where the effect of a more extended construction would be to destroy a complaint containing one good cause of action by dividing it into two parts, neither of which contained enough facts to constitute a good cause of action. If each of such parts had in this case contained a statement of a good cause of action, a motion to strike out one for not being separately stated would be more sustainable than a demurrer to each as being separately stated. The whole idea of there being two causes of action stated separately rests safely on the insertion of the word “ second,” which forms no part of the allegations. If that were struck out, there would be no room for an argument.
Of course, in this view, the allegations of a tender, demand and refusal are superfluous. The contract to buy the premises in question formed part of the consideration of the new conditional agreement to pay the purchase money, if and when the referee should decide the title to be good. The defendant's liability arose out of his promise, not the award. It was not an arbitration, strictly, but the reference of a collateral fact, whose determination created of itself no new obligation. (Elmendorf v. Harris, 5 Wend. 516. Duffield v. Whitlock, 26 id. 55.) The determination by such referee that the defendant should be compelled to complete his purchase exceeded his authority, but did not make the decision as to the title void, because not. necessarily connected with or affecting it. (Nichols v. The Rensselaer Mut. Ins. Co., 22 Wend. 125.) No demand was therefore necessary on the making of the decision, which might have been necessary in an award. (Same *659 case.) The facts so set forth, in my view, constitute a good cause of action.
The order appealed from should be reversed, and judgment rendered for the plaintiff, with liberty to the defendant on paying the costs at special term, to put in answer in twenty days.