## CHASE *v.* JEFTS.

In an action of debt upon an award of arbitrators, the declaration set out a submission to A, B, and C, and an award by them. The proof showed that the submission, which was in writing, under seal, was to A and B, "and a third person to be selected by said A and B as the third arbitrator, the same three persons to be arbitrators mutually agreed upon by said parties;" and that C was selected in accordance with this provision;— *held,* no variance; also, that the selection and appointment of C need not be shown to be by writing under seal.

The award, after establishing the disputed lines, proceeded: "We award to said Chase damages for wood and timber cut by said Jefts or his agents on the north line, twenty-four dollars; to said Jefts, for wood and timber cut by said Chase or his agents on the west line, sixteen dollars;"—*held,* a good award.

DEBT, by March Chase against Alphonso M. Jefts, on an award of arbitrators, alleging that the plaintiff and the defendant put themselves on the award of Oliver Martin, Charles E. Cooke, and John W. Hayward, concerning the cutting of wood and timber by the defendant and the plaintiff, and that said arbitrators made an award in the premises, November 1, 1869, and awarded that the defendant should pay the plaintiff the sum of twenty-four dollars. The defendant pleaded no such award, and also that the parties did not put themselves upon the award of said arbitrators, as the plaintiff had alleged; and issues were formed upon these pleas.

There was a notice of set-off, but no question arises on that.

At the trial, it appeared that the parties made a submission, under seal, of their controversies, respecting their divisional lines, and cutting wood and timber, to Oliver Martin and Charles E. Cooke, "and a third person, to be selected by said Martin and Cooke, as the third arbitrator, the same three persons to be arbitrators mutually agreed upon by said parties." It appears that the said Martin and Cooke, by parol, selected the said John W. Hayward for the third arbitrator, but without any appointment in writing, and that the said Hayward appeared and acted as arbitrator at the hearing, and signed the award with the others, and that no objection was made to his authority by either party. The defendant excepted, that there was a variance between the proof and the declaration as to the submission, and, also, that there was no valid selection of the third arbitrator; but the court overruled the objection, and the defendant excepted.

The arbitrators made their award, and, after establishing the line of the land between the parties and describing it, proceeded as follows: "We award to said Chase damages for wood and timber cut by said Jefts or his agents on the north line, twenty-four dollars; to said

Jefts, for wood and timber cut by said Chase or his agents on the west line, sixteen dollars. Whereupon the defendant contended that the allegation in the declaration of an award that the defendant should pay the plaintiff twenty-four dollars was not proved, and moved for a nonsuit,—which the court declined to order, but ruled that there was evidence on which it was competent for the jury to find for the plaintiff, and the defendant excepted; and the jury having returned a verdict for the plaintiff for the twenty-four dollars, after deducting the sixteen dollars awarded to the defendant, the defendant moved for a new trial for error in the rulings and instructions, as aforesaid.

*Lovell* and *Cushing*, for the plaintiff.

*Parker*, *Wait*, and *Davis*, for the defendant.

LADD, J. It is objected that the act of Martin and Cooke in designating a third man, according to the express direction of the submission, ought to have been in writing and under seal, because such was the character of the submission. No reason is given why that should be so, and we are referred to no authority in support of the position.

It has been held that, in a common law submission, *an umpire* may be appointed by parol, unless the submission require him to be appointed in writing. *Elmendorf* v. *Harris*, 5 Wend. 516; S. C. 23 Wend. 628.

Signing the appointment of umpire is not a judicial act; the judicial act is the agreement as to the appointment of the particular person who is to be umpire, and the signing is merely the record of that which they have already done in the judicial exercise of their functions. *In re Hopper*, Law Rep., 2 Q. B., p. 376. The New York case goes much further than the judge at the trial went here, because an umpire has authority to decide the case alone if the arbitrators disagree, while a third arbitrator has only equal power with those already agreed on, and must act conjointly with them. We think it was not necessary to the validity of the award that the selection of Hayward should be in writing, under seal.

It is further to be considered, that the defendant appeared and tried his cause before the board as made up by the choice of Hayward, and so took his chance of an award in his own favor. This, under the circumstances, probably amounted to a waiver of the objection now taken, even were it held that the appointment should have been under seal.

The exception that there was a variance between the proof and the declaration must also be overruled. The submission was, in terms, to three men, two of whom were named, and a mode of supplying the other expressly provided in the instrument. When the third name was furnished, in accordance with this agreement, the submission was to the three men constituting the board just as fully as though all had been named in the outset, and it was no more necessary to recite in the declaration the mode adopted by the parties to create their tribunal, than it would have been had they agreed that the whole board should be

appointed by some third person. The submission was to the three men named in the declaration ; the hearing was before the same men, and the award was made by the same men. See *Bates* v. *Cooke*, 9 B. & C. 407.

It is said that the award is void for uncertainty. The award was, that the defendant should pay the plaintiff $24, and that the plaintiff should pay the defendant $16, these sums being for wood and timber cut by each on land of the other, as determined by the divisional lines which the arbitrators by their award established between them. It is difficult to see how the matter could be made clearer or more definite. Very likely the arbitrators might have offset or recouped the defendant's damages, and rendered an award for the difference in favor of the plaintiff ; and if they had done so, and stated fully in their report the course they had taken, it would have been sufficiently clear. But the award as made is, to say the least, equally clear, and leaves nothing in doubt as to what they undertook to settle, and did settle, between the parties.

*Judgment on the verdict.*