Kent, Ch. J.
delivered the opinion of the court. If the award had not been delivered upon request, as the defendants contend, they should have pleaded specially such a request and refusal. The objection cannot be raised under the plea of no award. This rule has been declared and settled, repeatedly. (Rowsby v. Manning, 3 Mod. 331. Markes v. Marryott, 1 Lutw. 524. Oates v. Bromhill, 6. Mod. 176.) The form of a plea, in such a case, is stated in Wilson v. Wilson, as reported in note 5. in 1 Saund. 327. b. And if the fact of a demand and refusal to deliver the award had been regularly in issue, the evidence was sufficient to show that the defendants had admitted a delivery, or Waived the necessity of any. The award was, on the 25th of August, duly executed and produced to the parties, and it was twice read over by the arbitrators to the defendants, and they appeared to be. satisfied with it, and promised to perform it, and did, in fact, make a part performance, by paying 63 dollars, which was part of the, sum awarded to be paid, and they did not require a copy of the. award, or a duplicate original, and the arbitrators then finally separated. This, was the consummation of the business;. The defendants were concluded from alleging afterwards that they had not the' award delivered according to the condition of *149 %fte bond. ’They were bound to speak then, at the time of the publication, and when the arbitrators were on the point of con-eluding and dispersing, if they required any further notice, publicatien, or delivery. No circumstances could be stronger from which to infer an acquiescence in that mode of delivery, and a waiver of the necessity of any delivery more formal. Evidence of part payment, at that time, was properly introduced to show the acquiescence of the defendants in the production and reading of the award, as amounting to a delivery of it, and as being all the delivery required.
The only question that touches the merits of this case is that arising on the rejection of evidence, that the arbitrators included in the award óf damages the injury which the father of Dorcas had sustained, by the act of the defendant in debauching his daughter, and violating the promise of marriage. Nothing of this appears upon the face of the award) and to admit the evidence would have been opening the controversy, and re-examining the merits of the award. This cannot be done;. and no rule of law has been more frequently and uniformly declared than that an award, regular on the face of it, cannot be impeached but by showing misbehaviour, or some partial or corrupt conduct in the arbitrators. To inquire into the reasons and considerations upon which the arbitrators .computed the amount of damages which the daughter had sustained) would be trying the controversy over again, and would be forming a dangerous precedent; It would render an award less final than the verdict of a. jury in a case of tort. No improper conduct in the arbitrators, and no illegal evidence was alleged to have occurred. It is only said that the arbitrators, in making up their award, increased the sum in consideration of the injury which the father received by the wrong done to his daughter; It is very possible that the arbitrators, in this case, as juries have frequently done in like cases, did consider the disgrace which the defendant had brought not only upon Dorcas, but upon her family, and especially her parents, and that they allowed a very considerable increase of damages by reason of this disgrace and injury. But this inquiry cannot be made in a suit upon the award. The principle is too well settled that “ the court will not enter at all into the merits of the matters referred to arbitration ; but only take into consideration such legal objections as appear upon the face of the award, and such objections as go to the misbehaviour tif the arbitrators-” (Lucas v. Wilson, 2 Burr, 701, *150 3 Atk. 529. 644. Newland v. Douglass, 2 Johns. Rep. 62. Barlon v. Todd, 3 Johns. Rep. 367.)
The motion to set aside the verdict is denied.
Motion denied.