Suydam
v.
Jones.

## SUYDAM *vs.* JONES.

A covenant of *warranty* runs with the land and enures to the benefit of the *assignee* of the covenantee, who may bring an action for the breach of it *in his own name*, against the original covenantor.

An assignee of such a covenant is not affected by any *equities* existing between the original parties : thus, where premises were conveyed subject to a mortgage, and it was agreed at the time of the conveyance that the grantee should assume the payment of the mortgage and pay to the grantor only the difference between the amount thereof and the sum agreed on as the consideration of the conveyance, and that the covenants of warranty and for quiet enjoyment should not be considered to extend to the mortgage, *it was held*, that such agreement could not be set up in bar to an action brought by the assignee of the covenantee who was evicted under the mortgage.

Such defence would not have been good, *it seems*, even in an action by the grantee, as it would be attempting to show by *parol* that the real contract was different from that expressed in the deed, and as a covenant under seal *before breach* cannot be discharged by a parol agreement. To entitle the party to such a defence, he must show *fraud*, and even then, it is questionable whether he can avail himself of it at law.

*Constructive notice* of the existence of an encumbrance derived from the registry of a mortgage, does not affect the right of the assignee to recover, and *it seems* that *actual notice* would not vary the case.

ACTION on covenants of *warranty* and *quiet enjoyment*. The plaintiff declared on the breach of the covenants of warranty and for quiet enjoyment contained in a deed of a house and lot situate in the city of New-York, executed by the defendant to one *C. D. Sandford,* bearing date 1st February, 1824, which premises were subsequently, to wit, on the 2d February, 1827, conveyed by Sandford to the plaintiff. The consideration expressed in the deed from the defendant to Sandford was $2500. The plaintiff averred that by virtue of the deed from Sandford to him, he entered into possession of the premises, and so continued until the 7th February, 1831, when one *G. Rapelye,* having a lawful right and title to the premises, (not derived either from the defendant Sandford or the plaintiff,) lawfully entered into the same in and upon the possession of the plaintiff, against his will, by due and lawful authority, and expelled the plaintiff from the possession and occupation of the premises, and from thence hitherto hath law-

fully kept him out; by reason, &c. To this declaration, the defendant pleaded several special pleas ; the substance of which is, that *Rapelye* entered as the purchaser at a mortgage sale of the premises under and by virtue of a mortgage executed by one *Wenman* to one *Dederer*, bearing date in 1813, to secure the payment of $2000, with interest, which mortgage came to Rapelye by sundry mesne assignments, and he foreclosed the same in chancery ; in which court a decretal order of sale was obtained, under which the premises were sold in January, 1831. That *prior to* and *at the time* of the execution and delivery of the deed from the defendant *to* Sandford, to wit, on, &c. at, &c., Sandford was *informed* by the defendant that the above *mortgage was in full force and effect*, and that the principal sum of $2000, together with some arrears of interest was then due thereupon; and that it was then and there, *before* and at the *same time*, and *concurrently* with the execution and delivery and acceptance of the deed, *agreed* by and between Sandford and the defendant that the principal and interest monies then due upon the mortgage should be paid by Sandford as and for *part of the consideration money* to be paid by him upon the conveyance of the said premises, and that the balance only of that consideration money should be paid by him to the defendant ; and that it was then and there *further agreed* by and between Sandford and the defendant that the covenants of warranty and for quiet enjoyment should not be considered to extend to the mortgage, and that no claim to be made by any person under the mortgage should in any manner or wise be deemed or taken to be a breach of the said covenants. And further, that the mortgage from Wenman to Dederer was duly registered according to law in the office of the register of the city and county of New-York at the time of the execution of the mortgage, and that the same continued duly registered at the time of the execution and delivery of the deed from Sandford to the plaintiff in this cause, and that the said registry then was in full force and effect without any minute of the discharge of the mortgage being made in the book in which the mortgage was registered ; that the plaintiff *thereby* became and was, prior to and at the time of the execution and delivery of the

deed to him, *fully informed* and had *due notice* of the existence of the said mortgage, and that the same was a valid encumbrance upon the premises at the time of the execution and delivery of the deed from Sandford to him, to wit, on the second day of February, 1827, at, &c. and this, &c. To the special pleas the plaintiff demurred, and the defendant joined in demurrer.

*S. Sherwood*, for the plaintiff. The covenants of warranty and quiet enjoyment are covenants running with the land, and enure to the benefit of a subsequent grantee or assignee affected by the breach. 4 *Cruise's Dig.* 309, 454, *title 32, Deed, ch.* 25, § 29. 1 *Inst.* 384, *a.* 5 *Cowen*, 453. Being covenants real, they pass to the assignee like the legal title to the land, unaffected by the equities, if any, of the original parties, even with notice of such equities at the time of the assignment ; the defendant is therefore concluded by his covenant from alleging them in bar. *Booth* v. *Starr*, 1 *Conn. R. N. S.* 244. 1 *Strange*, 512. *Moore*, 420. *Noy*, 79. 1 *Show.* 59. The agreements set up in the pleas do not amount to a bar of the plaintiff's action, because no agreement short of a release or defeasance can annul before breach. *Kay* v. *Waghorne*, 1 *Taunt.* 427. 2 *Wils.* 86. *Blake's case*, 6 *Co.* 43. *Cro. Jac.* 99. 1 *Lutw.* 358. 2 *Rolle's R.* 96. No agreement between the original grantor and grantee could affect the validity of the covenants in the hands of the assignee without actual or constructive notice of the agreement at the time of the assignment. To allow a secret agreement in opposition to the plain import of an assignable covenant to control and annul it, in the hands of a *bona fide* assignee, would be permitting a fraud upon such assignee, which the law will not tolerate. Besides, the facts set up in the plea rest in *parol*, and cannot be received to contradict or vary the effect of written covenants.

*H. Bleecker*, for the defendant. The assignee of the grantee has no right of action against the grantor, other than such as the grantee had, *Cro. Car.* 503, who, having taken the property with full knowledge of the existing encumbrance,

took it subject to the encumbrance, and could not have called upon the grantor under the covenants of warranty and quiet enjoyment to indemnify him on account thereof. *Co. Litt.* 304, *a. note*, 332. In relation to the sale of *personal* property, the rule is well settled that a written warranty does not extend to visible or declared defects, 2 *Caines*, 202, and no reason is perceived why the same principle should not apply in respect to *real* property. The defendant is not precluded by the specification in the deed, that the property was conveyed for and in consideration of the sum of $2500 to him in hand paid by the grantee, from shewing the true consideration of the conveyance, if it be true that the only sum agreed to be paid to the defendant by Sandford was the *difference* between the amount due on the mortgage and the sum of $2500, and that Sandford assumed upon himself the payment of the mortgage. In *Shephard* v. *Little*, 14 *Johns. R.* 210, it was held, that notwithstanding the acknowledgment of the receipt of the consideration money expressed in a deed, it was competent for the party executing it to shew that the consideration was not in fact paid. The same principle is recognized in *Bowen* v. *Bell*, 20 *Johns. R.* 338. The pleas, therefore, are good as limiting the amount of the plaintiff's claim to the difference between $2500 and the amount of the mortgage. They are good also as shewing a purchase by the plaintiff, with notice of the existing encumbrance ; the registry of the mortgage is averred in the plea, and admitted by the demurrer. Taking the conveyance, therefore, with knowledge of the mortgage, the subsequent eviction is to be attributed to the defendant's own default.

*By the Court,* SUTHERLAND, J. The doctrine that a covenant of warranty runs with the land and enures to the benefit of the assignee of the covenantee, who may bring an action for the breach of it in his own name against the original covenantor, is not questioned or denied. The only doubt upon this point which was ever entertained in this court was, whether, when a covenantee conveys with warranty, his grantee, upon eviction, could sue the original warrantor, or whether his remedy was confined to his immediate covenant

of indemnity. The latter opinion was expressed in *Kane v. Sanger*, 14 *Johns. R.* 89 ; but the whole subject was fully reviewed and considered in *Withy* v. *Mumford*, 5 *Cowen*, 137, where the broad doctrine that the assignee may maintain an action against the original covenantor, whether the immediate conveyance to him was with or without warranty, was, upon a consideration and review of all the cases, fully established. *Coke Litt.* 384, *b.*, 385, *a.* 4 *Cruise's Dig.* 452, 3. *Croke's Eliz.* 503. *Sheph. Touch.* 198, *tit. Warranty.* 2 *Mass. R.* 460. *Booth* v. *Starr*, 1 *Conn. R. N. S.* 244.

If the covenant passes to the assignee with the land, it cannot be affected by the equities existing between the original parties any more than the legal title to the land itself. A covenant under seal cannot be discharged by a parol agreement before breach, *Kay* v. *Waghorne*, 1 *Taunt.* 427. The discharge must be by matter of as high a nature as that which creates the debt or duty, *Preston* v. *Christmas*, 2 *Wils.* 86. This is universally true where the action is founded upon, or grows exclusively out of the deed or covenant. *Blake's case*, 6 *Coke*, 43. *Alden* v. *Blague*, *Cro. Jac.* 99. In covenant, therefore, award with satisfaction *before* breach is bad, because the plea goes to the covenant itself ; though *after* breach it may be good, for then it goes only in discharge of the damages, and not of the deed. *Snow* v. *Frankleyn*, *Lutwyche*, 108, *in my ed. of* 1708, *cited in others as* 1 *Lutw.* 358.

The principle that a written contract or instrument cannot be essentially varied by *parol*, seems also to be applicable to this case, and to exclude the defence. The covenant in the defendant's deed, it is conceded, embraces in its terms the mortgage, under and by virtue of which the plaintiff has been evicted. The defence is either that at the time of executing and delivering the deed, it was understood and agreed between the parties that the covenants should not extend to that mortgage, or, that after the deed was executed and delivered, the grantee agreed that it should not embrace the mortgage, and *quoad hoc* discharged the covenant. In the first point of view, the objection to the defence is, that it is attempting to show that the real contract between the parties was different from that expressed in the deed, which upon well settled prin-

ciples cannot be done ; and in the second point of view, the objection is equally fatal, as has already been shown, that a covenant before breach cannot be discharged by parol. This view of the case would seem to show that if the action had been brought by and for the benefit of the grantee himself instead of his assignee, the defence could not be sustained at law; though there are some peculiarities in the case to which I have not particularly adverted, which, as between the original parties, might affect or vary its character. *Butler's note,* 332, *to Coke Litt.* 384. Even a formal technical release from the covenant by the covenantee after the assignment, and a breach in the hand of the assignee, would not discharge it. *Middlemore* v. *Goodate, Cro. Car.* 503. The case must be brought within the principle of fraud, and the assignee must be affected with it, before a defence of the nature of this can be available, and perhaps even then it is not available at law. In the language of one of the plaintiff's points, to allow a secret agreement in opposition to the plain import of a covenant running with the land, to control and annul it in the hands of a *bona fide* assignee, would be a fraud upon such assignee which the law will not tolerate. The pleas do not charge the plaintiff with any notice whatever of the *secret agreement* between the defendant and Sandford, nor with any *actual notice* of the existence of this encumbrance at the time of his purchase ; though, if such actual knowledge had existed, I do not perceive that it can vary or affect the case.

Judgment for plaintiff on the demurrers.