Mi’. Chief Justice Johnsou delivered the opinion of the Court. The only question presented by the record in this case, is whether the part payment and new parol contract for the payment of the residue of the covenant in suit, are of such a character as to operate a release or extinguishment of such covenant. The substance of the matter set up as a bar to this action, is that before the principal debt secured by the covenant became due,Levy paid a part in jewelry, and entered into a parol contract to pay the residue in like property, within twelve months.then next following, and the pleas then aver that he was ready and willing and offered to deliver the same whenever called for within the twelve months, and that he is still ready and willing to do so, and then concludes by averring that said part payment and said new contract for the residue, were received and accepted by Very, in full satisfaction and discharge of the said covenant, and the money due, or to become due, in respect thereof, and of all damages accrued, or to accrue in respect thereof. The Supreme Court of New York, (see 13 Wend, p. 75) after collecting numerous cases bearing upon this question, said: “The extent, to which these cases have gone, is this, that after a breach of a sealed contract, the parties to it may discharge any liability upon it by entering into a new agreement in relation to the same subject matter, which new agreement is a valid contract founded upon sufficient consideration. In Fleming v. (Filbert, it is assumed that the plaintiff prevented the defendant from performing his contract; and therefore should not take advantage of his failure. Here it is not pretended that any thing was done or said by the plaintiff to prevent the defendant from a literal compliance with his contract. To bring this case within the principle of Lattimore v. Horsen, there should have been not only an avowed refusal to perform, but a subsequent executed substituted agreement; and so, also, as to the case of Dearborn v. Cross & Trasher. Had the plaintiff, in this case, not only waived the sealed contract by parol, but had accepted and taken possession of the new store in lictk,°f that which he was to have had by his sealed contract, the cases would have been more nearly parallel. It will be seen, then, that there has been no innovation upon established principles, and that the law remains as it has always existed, that a scaled executory contract cannot be released or rescinded by a parol executory contract; but that after breach of a sealed contract, a light of action may be waived or released by a new parol contract in relation to the same subject matter or by any valid parol executed contract.” The same doctrine was recognized by this Court in the case of Miller v. Hemphill, (4 Eng. Rep. 496.) In that case, this Court said: “For the law is understood to be well settled that a covenant under seal, not broken, cannot be discharged by a parol agreement. (1 Taunton, 430. 10 Wend. 184. 11 ib. 30. Delacroi v. Bulky, 13 Wend. 73.) The extent that the authorities seem to go, when clearly examined, is that after breach of a sealed contract, the parties to it may discharge any liability upon it by entering into a new agreement in relation to the same subject matter, which new agreement is a valid contract founded upon sufficient consideration, and “ that the law remains as it always existed, that a sealed executory contract cannot be released or rescinded by a parol executory contract. But after breach of a sealed contract, a right of action may be waived or released by a new parol contract in relation to the same subject matter, or by any valid parol executed contract. These authorities are conclusive upon the question involved in this case, upon the supposition that the new contract set up and relied upon as a bar, is so relied upon simply as a subsequent substituted contract, and not by way of accord and satisfaction. But let us now view it as a plea of accord and satisfaction, and then see whether it can avail the appellant. The Supreme Court of New York, in the case of Booth v. Smith, (3 Wend. p. 68,) by Sutherland Judge, said: “The plea is unquestionably good. It would have been good by way of accord and satisfaction, if no part of the original debt had been paid prior to the acceptance by the plaintiff of the last note. This was expressly decided in Boyd & Suydam v. Hitchcock, 20 John. R. 76.) It was there held that if a debtor gives his note endorsed by a third person as further security for a part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt, and it may be pleaded in bar as an accord and satisfaction. (6 Cranch 253.) The additional security required by the creditor for a part of his debt, is a good consideration for the relinquishment of the residue. (Le Page v. McCrea, 1 Wend. 172. Kearslake v. Morgan, 5 T. R. 513.) This doctrine is admitted in Hughes v. Wheeler, (8 Cow. 79,) and the distinction is there adverted to between the note of a third person and that of the debtor himself given for the original debt. The latter, it is there hold, cannot be pleaded in bar of the original cause of action, but the plaintiff will not bo permitted to recover on the original consideration unless he produces the note upon the trial, or satisfactorily accounts for it.” It is obvious, from that case, and the authorities there cited, that the new contract, although pleaded by way of accord and satisfaction, cannot avail the appellant as a defence to this action, since it is nothing more than another undertaking by the debtor himself and given for a part of the original debt. There can be no doubt of the correctness of the doctrine, as laid down in that case, when applied to the facts there disclosed, yet we consider it exceedingly doubtful whether the rule is not laid down too broadly when it is announced as a general rule that the debtor cannot himself extinguish a contract previously made by subsequently entering into another; and that, too, to secure the same debt. The crite-rian by which the power to effect this object is determined, seems to be the consideration which is supposed to influence the creditor in accepting the new contract, and not whether the new contract is made by the debtor himself, or by a stranger. This is the cri-terian as recognized in that case, and if it be the true one, we can see no good reason why there should not be exceptions to the rule there laid down. It is there said that “He (the debtor) has entered into a new contract with his creditor, who, upon an adequate consideration, (the obtaining the note of a third person as an additional security for his debt) has agreed to look to the defendant as endorser only, and to relinquish all claim upon him in any other character. He cannot be charged upon the original consideration.” This Court, in the case of Pope v. Tunstall & Waring, (2 Ark 223)' said, “The defendant in error contends that in debt upon bond, it is no plea that the plaintiff accepted a new bond in satisfaction of the old one, for that is no satisfaction either actual or present, and refers to various authorities in support of his position. If he has reference only to cases where there is a simple exchange of bonds or obligations, his argument cannot, in truth, be controverted for the satisfaction, must in. legal contemplation, be advantageous to the party agreeing to accept, for it would be inoperative if it could not possibly afford him some equivalent or consideration. Bacon Abr., Accord A. Com. Dig., Accord B. 1. There must be some change or rather difference between the former and the latter contract to show that the parties intended to alter it by substituting something more advantageous to the creditor than he before possessed, as by shortening the time, giving other security, or the like. (Hobart 68.) We consider it clear, from all the authorities, that the true distinction is between such subsequent contracts as offer no inducement to the creditor to accept them, and those which are based upon some equivalent or consideration. The shortening of the time of payment is one of the examples given by Hobart as constituting such a consideration as to support the latter contract and to supersede the former. If the only question be consideration or no consideration, wo think that this case will fall clearly within the rule of a valid contract and of course a good defence by way of accord and satisfaction, if it be not obnoxious to another rule of law which will operate -to exclude it. The original covenant sued upon was for $4,000, executed on the 3d of March, A. D. 1841, and made payable six years after date. The satisfaction set up and relied upon, consisted of a payment in jewelry of $1,898 25, on the 3d of March, 1843, and a promise in writing, executed on the same day, to pay the entire residue in like property during the year next ensuing. Here was a clear equivalent and a high consideration moving upon the creditor to accept the subsequent arrangement and to release the former. He not only hastened the payment of the residue, but he actually received a large amount of the debt at the date of the latter contract. There can bo no doubt but that the advance in jewelry was good pro tanto, and if the new contract for the residue is admissible, it is equally clear that the satisfaction is full and complete. But here we are met by another rule of law that is stem and inflexible, which is, that to a bond, accord and satisfaction can be pleaded by deed only, for an obligation under seal cannot be discharged but by an instrument of as high a nature as the obligation itself. (See 2 Wüs. SO, and 2 Ark. 223.) The contract in suit is a bond or writing under seal, and the one attempted to be set up against it lies simply in parol, or at least mast be so considered, since it is not averred to be under seal. For this reason, therefore, it is clear that tire plea cannot prevail. The Circuit Court consequently decided correctly in sustaining the demurrer to the several pleas setting up the defence founded upon the new contract, and, as such, its judgment must, in all things, be affirmed.