## FRENCH *v.* NEW.

June, 1863.

Reversing 20 *Barb.* 481.

An executory covenant, under seal, cannot be discharged by a parol arbitration.*

After a sealed submission to arbitration requiring a written award has been made, a verbal agreement of the parties to accept a verbal award, which the arbitrator accordingly makes, changes the submission to a verbal one; and if the matters be such as cannot be determined by a parol arbitration the award is void.

The fact that one party, by consenting to a verbal award, induced the arbitrators to make such an award, does not estop him from objecting that the matters in controversy could not be determined by a verbal award.†

Luther French sued Philip E. New, in the supreme court,

---

* See the authorities in reference to the modification of sealed contracts, by parol, collected in Clough *v.* Murray, 3 *Robt.* 7.

† If the matters submitted had been such as could be determined by a parol award, the acts of the parties might be deemed a wavier or estoppel, precluding the objection that a written award, though called for by the bond, was not made. See the authorities cited by DAVIES, J., dissenting. Burnap *v.* Losey, 1 *Lans.* 111; and Miller *v.* Junction Canal Co., 41 *N. Y.* 98.

to recover the last two installments of rent under a sealed lease, and also recover damages for the breach of several covenants in the lease.

Defendant pleaded and proved that after the first, and before the second of the two installments accrued, the plaintiff, the lessor, entered into arbitration bonds with the defendant, the lessee, and one George A. New, reciting that a controversy existed between plaintiff and the two News in reference to the lease, &c., and binding themselves to submit to the decision of the arbitrators named; and defendant relied on a verbal award, made, under this arbitration, but after the last installment had become due, under circumstances which are stated in the opinion, as a bar to this action.

At the trial plaintiff was nonsuited.

*The supreme court,* at general term, being of the opinion that the plaintiff had waived the requirement of a written award, and was estopped from objecting that it had not been reduced to writing, and that other objections taken to the nonsuit were untenable, affirmed judgment for the defendant. Reported in 20 *Barb.* 481. Plaintiff now appealed to this court

*A. Pond,* for plaintiff, appellant.

*Merrill & Cowen,* for defendant, respondent.

At the March term the following opinion was read:

BALCOM, J.—The lease was for the term of three years. It expired on April 1, 1852. The annual rent was four hundred and twenty-five dollars, and was payable one half on the first day of January, and the other half on the first day of April in each year. The defendant did not pay the last two installments of the same. The lease bound the defendant to leave, at the expiration thereof, eight acres of rye growing on the farm, which he did not do; and the plaintiff proved that by reason thereof he sustained damages to the amount of twenty-five dollars.

According to the arbitration bonds, the parties were to sub-

mit the controversy between them to the decision of Messrs. Taylor, Green and Rowley, as arbitrators (after hearing the testimony of the parties), *"in reference to a certain lease"* (which was the lease in question). The bonds required the arbitrators to make their award in writing, which should be subscribed by them and attested by a subscribing witness, and ready to be delivered, &c., on or before April 18, 1852; to the end that all matters in controversy, in that behalf, between the parties, should be finally concluded pursuant to the provisions of the statute for determining controversies by arbitration.

The arbitration was had on March 27, 1852, which was four days before the lease expired, or the right of action accrued thereon for the last installment of the rent reserved therein, or for the neglect of the defendant to leave eight acres of rye growing on the farm. The plaintiff's claims against the defendant, which he presented to the arbitrators, were for one year's rent of the farm, and for clover seed, timothy seed, wood, oats, stock, &c. The defendant also presented claims before the arbitrators; but the case does not show what they were, except that he claimed he paid too much rent for the farm.

While the arbitrators were deliberating upon the matters submitted to them, the parties agreed as to the manner in which the defendant should pay whatever award should be made against him; and with the view of carrying such agreement into effect, they executed bonds to each other, providing for the payment of such award, whatever it might be, in a certain way and by installments; but it does not appear that those bonds were ever delivered. They recited that the parties had entered into a bond to submit their matters in controversy to Emerson, Green and Taylor, as arbitrators, when the truth was, they had submitted the same to Rowley, Green and Taylor, to determine as arbitrators.

The arbitrators (Rowley, Green and Taylor), were informed by the parties that they need not make an award in writing; that they (the parties) had a writing drawn up, and merely wanted to know how much the award was, and "that they could fix the award on the instrument as they had agreed." The arbitrators agreed to award that the defendant should pay the plaintiff two hundred and sixty dollars, and so informed

the parties, when the plaintiff said he desired to see his lawyer, which he did, and his lawyer immediately served a revocation upon the arbitrators of the submission of the matters to them as arbitrators, and he paid the fees of the arbitrators; and the plaintiff refused to abide by the verbal award, and the arbitrators did not make one in writing. The defendant offered to prove that he had tendered full performance of the award according to the bonds the parties had signed providing the manner for the payment of an award to be made by Emerson, Green and Taylor; which offer was rejected as immaterial.

The verbal agreement of the parties that the award should not be in writing, and that they would abide by a verbal award, had the effect to change the submission, from one under seal to a mere verbal one; because the verbal agreement was acted upon, and that under seal was abandoned. The verbal award, therefore, was not valid, unless a verbal submission of the matters on which the award was made was binding upon the parties.

The principal thing submitted to the arbitrators was the lease of the farm, which was under seal and contained covenants not broken—to wit: the one to pay the last half year's rent, and the one to leave eight acres of rye growing on the farm on April 1, 1852. And it is clear that those covenants could not be discharged by a verbal agreement. See Delacroix *v.* Bulkley, 13 *Wend.* 71; 13 *N. Y.* 556; 5 *Id.* 537.

Nothing was done towards discharging the covenants, not broken, contained in the lease, that amounted to an executed verbal agreement; for the plaintiff did not even say he would perform the award, after it was stated to the parties. The verbal submission of the matters to the arbitrators was an agreement by the parties to do that which the arbitrators should direct, and when they made their decision, that became a thing to be enforced against the plaintiff, if binding, as *being his agreement.* See Walters *v.* Morgan, 2 *Cox Ch. Cas.* 369.

It requires no argument to prove that if the parties had verbally agreed with each other, to do precisely what the arbitrators decided they should do, it would not have bound them. Such a verbal agreement would have been a nullity. "A verbal submission is valid in all cases where the subject matter is such that a verbal agreement directly between the parties in the

terms of the award, would prevail. But where the law, as for instance, the statute of frauds, requires a contract to be in writing, there both the submission and the award must be in writing." *Calw. on Arb.* Vt. ed. 1853, 36, n. 1 ; see McMullen *v.* Mayo, 8 *Smedes & M.* 298 ; and Walters *v.* Morgan, *supra.* The same proposition is stated by Mr. HILL, 2 *Hill*, 272, n. a., as follows : "Thus it has been said, that where, from the subject of arbitration, a writing is necessary to pass the right to the thing in demand, or to defeat or destroy the demand, the submission and award, to be available as a bar to that demand, must be in writing." Also see *Russ. on Arb.* 38, Law Lib. 4 series, 95 ; Mayo *v.* Chiles, 3 *Monr.* 258.

The opinion of the supreme court concedes the general rule to be as above stated, but avoids it by misapplying another laid down in *Kyd's Treatise on Awards,* and holds, that although a verbal submission of the unbroken covenants contained in the lease, by themselves, would not be obligatory, yet being joined with other things of an uncertain nature, a verbal submission of the whole was binding. The rule so misapplied is stated by KYD, when speaking of the subjects of controversy the law permits to be submitted to arbitrators, and his language is, that most of the cases " which cannot be submitted by themselves, may, when joined with other things of an uncertain nature ; because then there is an uncertainty in the whole of the dispute ; as debt on a bond, whether single or with condition ; debt for arrears of rent ascertained by a lease for years ; damages recovered by verdict and judgment." It is evident he did not here refer to the mode of submission ; for, before leaving the subject, he remarks as follows : " However, in all cases where the demand arises on a deed, it would seem the submission must also be by deed ; because a specialty cannot be answered but by a specialty." *Kyd on Awards,* 53, 54.

I have not been able to find the doctrine of the supreme court, on this point, laid down in an adjudged case, or in any treatise on arbitration or awards ; and I am of the opinion it cannot be maintained on principle, and it conflicts with the well-settled rule, already mentioned, " that a covenant under seal, not broken, cannot be discharged by a parol agreement." See Suydam *v.* Jones, 10 *Wend.* 180, 184.

I cannot see how the doctrine of estoppel is applicable to the case. The fact that the plaintiff prevented the arbitrators from making a valid award does not deprive him of the right to show the invalidity of the one they did make. The legal presumption is that the defendant knew a verbal award would not be binding, but believed, notwithstanding that fact, that the plaintiff would abide by such a one.

If the foregoing views are correct, the award was.void; for the reason that it did not discharge the covenant to pay that portion of the rent of the farm not due at the time the same was made, or the one, not then broken, that the defendant should leave eight acres of growing rye upon the farm on April 1, 1852.

For the foregoing reasons I am of the opinion that the judgment of the supreme court should be reversed, and a new trial granted; costs to abide the event.

DAVIES, J., read an opinion for affirmance, holding, upon the authority of Fidler v. Cooper, 10 Wend. 285, 290; Baspole's Case, 8 Coke, 97 b, 193; Chapman v. Dalton, 1 Plowd. 290, 298; 2 Rich. 318; Athelston v. Moore, Comb. 547, that the submission, by several persons, to an arbitration, of all matters in difference between them, included all matters that either of them had against the others, severally or jointly. That according to the cases of Ford v. Jones, 3 Barn. & Ad. 248; In re Tunno, 5 Id. 488; Matson v. Trower, 1 Ryan & M. N. P. Cas. 17; Rex v. Hill, 7 Price, 636; Perkins v. Wing, 10 Johns. 143; Sellick v. Addams, 15 Id. 197; Buck v. Wadsworth, 1 Hill, 321; Howard v. Sexton, 1 Den. 440, the parties had waived the stipulation of the bond requiring an award in writing; and that, upon the principle established in Welland Canal Co. v. Hathaway, 8 Wend. 480; and Dezell v. Odell, 3 Hill, 215; Bank of Genesee v. Patchin Bank, 13 N. Y. 309, the plaintiff was estopped by his own conduct, which had induced defendant to accept the parol award, from objecting to his prejudice that it was void.

THE COURT, not being agreed, reserved the cause for further consideration, and referred it to Judge MARVIN for an additional opinion.

At the *June term*, MARVIN, J., delivered an opinion, in which he discussed the distinction between a verbal waiver, which cannot dispense with an executory obligation under seal, except in those cases where there are grounds for raising an estoppel, and, on the other hand, a new parol contract, founded on a good consideration, which may be substituted for such an obligation. He came to the same conclusion as BALCOM, J.—that the executory covenant in this case was not discharged by the parol award.

All the judges concurred in this conclusion, except WRIGHT, J., who concurred in the dissenting opinion of DAVIES, J.

Judgment reversed, and new trial ordered; costs to abide event.