Burnap *v.* Losey.

---

### Seneca Burnap *v.* Jesse B. Losey.

#### (General Term, Seventh District, June, 1869.)

It was covenanted in a submission to arbitration, executed between two parties, to a sole arbitrator, that they would keep and perform the award, provided it should be made in writing, under his hand, " and ready to be delivered to the said parties in difference, or such of them as shall desire the same," on or before a certain day.  After hearing had thereunder, the arbitrator drew up his award, and, on the day preceding that named in the submission, delivered a signed copy to the prevailing party, retaining in his possession his unsigned draft only.  On the next day, the other party, knowing of the award and its amount, called on the arbitrator, talked with him about it, made no request for the award, or that a counterpart should be made and delivered to him; but, after the specified

Burnap *v.* Losey.

day, demanded a copy. The arbitrator offered to sign and deliver to him the draft, which was refused.—*Held*, in an action by an assignee of the award, against the unsuccessful party therein, that the right of the latter (the defendant) to insist on formal delivery, had, under the circumstances, been waived, and the award was valid.

That the defendant was bound, by the terms of the submission, to make known to the arbitrator a desire to have the award delivered to him before the time for its making and delivery had expired, and could not defeat it by showing that if he had done so it would not have been ready for him.

When a stamped instrument is shown to have been without stamp at its delivery, and it does not appear that the omission was with intent to defraud the revenue, it will be presumed to have been lawfully stamped. Per JOHNSON, J.

THIS was an action upon the award of a sole arbitrato:, under a submission executed between two parties. Plaintiff was an assignee of the prevailing party. The submission was in writing, dated February 22d, 1867, covering all matters in controversy between the parties, and contained a mutual covenant to be bound by the award, with a proviso as follows : "Provided, however, that the said award be made in writing, under the hand of the said arbitrator, and ready to be delivered to the said parties in difference, or such of them as shall desire the same, on or before the 5th day of March." The defendant claimed a failure of the arbitrator to conform to the condition named, and moved for a nonsuit, upon the grounds that the award was not made and ready to be delivered to the parties by the day named in the submission ; and that the award was not stamped until after the whole proceedings were completed. A nonsuit was refused, and a verdict directed for plaintiff, subject to opinion at General Term. The remaining facts are stated in the opinion of the court.

*L. B. Proctor*, for the plaintiff.

*D. W. Noyes*, for the defendant.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J. The case comes before us on

a motion for judgment upon a verdict ordered at the circuit, subject to the opinion of the court at General Term. The case, as it is made up, contains a single exception to the ruling of the judge, in admitting evidence against the defendant's objection. This exception, however, the defendant's counsel consents to waive, in order that the case may be heard and determined in this form, upon the merits.

There is no conflict of evidence or dispute as to the facts. The only question is, whether the award, on which the action is brought, is not invalid upon the admitted facts of the case. By the terms of the submission, the award was to be made in writing, under the hand of the arbitrator, "and ready to be delivered to the said parties in difference, or such of them as shall desire the same, on or before the 5th day of March."

The arbitrator heard the proofs and allegations of the parties at the time appointed, and on the 4th of March drew up his award, in writing, and from the original draft made a copy or counterpart, which he signed and delivered to the plaintiff's assignor, who was the successful party, on the morning of that day, retaining the original draft in his possession, without being signed by him.

The award having been thus delivered and published, the defendant, who appears to have heard of it, called, on the afternoon of the same day, upon the arbitrator, and was then informed what the award was, and had a conversation with the arbitrator on the subject; but did not, so far as appears, ask or require that such award, or a counterpart thereof, should be made for him or delivered to him. On the day but one after this, and on the 6th of March, the defendant again called upon the arbitrator, and then demanded a copy of the award. The arbitrator was not then at his house, but a few rods distant. The arbitrator told him he had none for him, but had one for his own use; and if the defendant would go to the house with him, he would give him that. The defendant replied that he did not want it, and asked whether one would have been ready for him if he had called on the 4th or 5th. To this the arbitrator replied, that there would

not have been any other than the one he then had.   On that occasion the defendant informed the arbitrator that he had been, the day before, and taken counsel on the subject, and intimated that he could get rid of the award.

Upon this state of facts, the question is raised, and urged by the defendant's counsel, with much earnestness and apparent confidence, that the award is void, for the reason that the arbitrator did not have, either on the 4th, or 5th of March, a counterpart of his award made out and signed, and ready for delivery to the defendant in case he had called for it. I do not think this position can be maintained. It would be straining the terms and true import of the submission.   The arbitrator was not required by the submission to have an award made and signed, and ready for delivery to any party who did not " desire the same." The defendant evidently did not, or he would have asked for it on the 4th, at his interview with the arbitrator, or on the next day, which was the last, for delivering the award to either party desiring the same.   His desire was plainly born of the knowledge he acquired afterward, from his counsel, that possibly he might have defeated the award against him altogether had he demanded, or expressed his desire, that the award, or its counterpart should be delivered to him on the 4th, or 5th of March.   At all events, his desire did not manifest itself until after this information; and it may be presumed that it increased in fervor, and intensity, from that time.   Especially if it should turn out, that no counterpart had been prepared to meet and satisfy his demand, had he made it.   This was palpably an after thought, and altogether too late.   He had clearly waived his right by not applying in time.   What " might have been " is not equal in law to what actually happened.   The case of *Perkins* v. *Wing* (10 Johns., 143), is, I think, decisive of this case.   In that case, as in this, the defendant called on the arbitrators for the award within a few days after it was to have been delivered, and had, in fact, been delivered to the successful party, and the court held it was too late; and that by not demanding the written

award when it was delivered to the successful party, or giving notice that he desired it, he had acquiesced in that mode of publication and delivery, and waived the necessity of a delivery more formal.

The submission in that case was like the one here, requiring the arbitrators to have the award in writing, under their hands, ready to be delivered to the parties in difference, "or any of them requiring the same" on or before a certain day. In *Buck* v. *Wadsworth* (1 Hill, 321), cited by the defendant's counsel, the award was, by the terms of the submission, to be in writing, "and ready to be delivered to the said parties," by a certain day named, omitting the clause, "or either of them desiring the same." In the latter case, too, the defendant, who was the defeated party, sent his agent for the award on the day named, as he had given notice to the arbitrators he should do. The arbitrators had made none for him, and refused to deliver the one they had made for the successful party, to the agent. The agent examined the award, and returned it to the arbitrators, who had it for delivery, but did not waive the defendant's right to a counterpart. The court held that the award was void, because it was not ready for the parties, according to the terms of the submission, the defendant having demanded it in time, and done nothing to waive his right. This is a different case, both as to the terms of the submission and the subsequent facts.

But again, on the 6th, the day after the time for delivery by the terms of the submission had expired, the defendant only called for a copy of the award, and when he found he could have a copy, or the original, which is the same for this purpose, declined to take it. This shows plainly, that the defendant did not, in fact, then desire the award, but only wished to ascertain, whether one had been made out in due form, so that he might have had it, had he manifested to the arbitrator his desire for it, on the 4th or 5th. But by the very terms and plain meaning and intention of the submission, he was not entitled to the award, or to have one prepared for him even, unless he "desired the same," and

expressed that desire to the arbitrator, before the time for the making and delivery to him had expired. He could not lie by in silence, until the time had passed, and then defeat the award delivered in due time to the other party, by demanding a copy, or by showing that none had been prepared in due form for delivery, in case he had required it.

No court could decently allow a mere artifice of that kind, to defeat the substantial ends of justice, in a case like this, where the award was, in fact, made in due form and delivered to the successful party, in due time, to the knowledge of the other party.

The other ground urged by the defendant for a nonsuit, at the trial, and which is renewed here, to wit., that the award was not stamped with a United States revenue stamp, when it was delivered to the plaintiff, and is therefore void, is of no force. It had such stamp upon it when produced and proved upon the trial, and there is nothing in the evidence to show that the stamp was omitted at the time of the delivery, with any intent to defraud the revenue laws; it was simply omitted at the time, because the arbitrator had no such stamp at the time, and was not certain that one was necessary. The presumption is, that the plaintiff himself was advised or deemed such stamp necessary, and caused it to be affixed and canceled. If it were necessary, the court might infer, from the evidence, that the arbitrator authorized it to be done, if found to be necessary. The award is not invalid on that ground. ( *Vorebeck* v. *Roe*, 50 Barb., 302.) But this is not insisted upon in the defendant's printed points, and I am inclined to the opinion that no stamp was necessary upon the award. It certainly does not harm the award. It is objected, in the defendant's printed points, that the submission was not stamped when it was executed and delivered. No such objection was raised at the trial, and it cannot be taken now. It had a proper stamp upon it, regularly canceled, at the trial, and was put in evidence without objection. Had the objection been taken at the trial, it might, and probably would have been, shown that the stamp had been

affixed by the assent of the parties, or otherwise, in a proper and legal manner.

The plaintiff is, therefore, entitled to a judgment on his verdict.

Judgment accordingly.