ABRAHAM REDLICH, et al., Respondents, *v.* NICHOLAS DOLL, Appellant.

Where one makes and delivers to another his promissory note, perfect in form, except that a blank is left after the word "at," for the place of payment, it carries with it implied authority for any *bona fide* holder to fill the blank, and the insertion of a place of payment, and negotiation of the note contrary to the agreement of the original parties, does not avoid it in the hands of a *bona fide* holder for value.

Statement of case.

The rule is the same, although the note be delivered not to be used or filled up in any way.

The case of *Benedict* v. *Cowden* (49 N. Y., 396), distinguished.

(Argued March 19, 1873; decided June term, 1873.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of the defendant, entered upon the report of a referee and granting a new trial.

The action was brought by plaintiffs as endorsees upon a promissory note of $679.20, against the defendant as maker. The defense was, (1) that the note had been altered after its delivery by the insertion of a place of payment; and (2) that it was not stamped at the time it was made and delivered, the original parties to it having expressly agreed that it should not be stamped, but should be merely a receipt or memorandum of the transaction between them, out of which the giving of the note arose. The referee found, in substance, that plaintiffs were holders of the note before maturity in good faith and for value; that one Istel gave defendant two drafts on Germany to collect for him, and at his request defendant gave him the note in question, which they agreed should not have the force of a promissory note but should be merely a memorandum of the transaction growing out of defendant's undertaking to collect the drafts. In order to effect this object the defendant insisted that the instrument should not be stamped, saying to Istel that, " with no stamp on, it was of no value only as a receipt." Istel promised not to use the note but to return it to the defendant in case the drafts were not paid. When the note was delivered to Istel it was in the following form:

"NEW YORK, *September 30th*, 1868.

" Three months after date I promise to pay, to the order of myself, six hundred and seventy-nine dollars and twenty cents at                                    value received.

"N. DOLL,"

with Mr. Doll's name on the back thereof. Shortly after the delivery of the note, Istel stamped the same, and, between the words " at " and " value received," inserted " The Bull's Head Bank of New York," and negotiated the same. The referee held that the defendant was not liable upon the note because of the insertion of the place of payment, and also because the note was not stamped when he delivered it, and he ordered judgment in favor of the defendant. Judgment was entered accordingly.

*Isaac Edwards* for the appellant. The insertion of the place of payment in the note was such an alteration as avoided it against a *bona fide* holder. (Byles on Bills, 253; Chitty on Bills, 182; 2 Parson's Bills & Notes, 546, 547; *Burchfield* v. *Moore*, 3 El. & B., 683; *Master* v. *Miller*, 1 Smith's L. C., 458.) It is the duty of the holder of the note not only not to alter it himself, but to preserve it from alteration by other persons. (*Davidson* v. *Cooper*, 11 Mees & Wels., 778, affirmed 13 M. & W., 343; *Burchfield* v. *Moore*, 3 E. & B., 683; *Master* v. *Miller*, 1 Smith's L. C., 458; *Nazro* v. *Fuller*, 24 Wend., 374; *Southwark Bk.* v. *Grass*, 35 Penn. St., 80; *Sturges* v. *Williams*, 9 Ohio St., 443; *Woodward* v. *Bk. of N. A.*, 19 J. R., 391, 419; *Griffin* v. *Rice*, 1 Hilt., 184; *Mead* v. *Mer. Bk.*, 25 N. Y., 143.) The alteration gave the note a different legal effect. (*Holmes* v. *Trumper*, 22 Mich., 527; *Bruce* v. *Westcott*, 3 Bosw., 374; *Martin* v. *Ballou*, 13 id., 119; *Com. Bk., etc.* v. *Patterson*, 2 Cranch., 346. The delivery of the note with the blank in it did not authorize it to be filled up. (*Simpson* v. *Stackhouse*, 9 Penn. St., 186, 3 R. S., 951 [5th ed.].) Actual authority was necessary to authorize the filling of the blank. (*Stahl* v. *Buger*, 10 S. & R., 170; *Mitchell* v. *Ringgold*, 3 Har. & J., 152; *Boyd* v. *Brotherson*, 10 Wend., 93; *Clute* v. *Small*, 17 id., 237.)

*F. C. Cantine* for the respondents. To avoid an instrument for the want of a proper stamp, an intent to evade the requirements of the statute must be affirmatively shown.

(*Beebe* v. *Hutton*, 47 Barb., 192; *Vorebeck* v. *Roe*, 50 id., 302; *Vaugan* v. *O'Brien*, 57 id., 492; *Holyoke Mach. Co.* v. *Franklin Paper Co.*, 97 Mass., 150; *N. H., etc., Co.*, v. *Quintard*, 1 Sweeny, 89; *Quinn* v. *Lloyd*, id., 253; *Burnap* v. *Losey*, 1 Lans., 111.) The act of congress prescribing a penalty for the neglect to stamp certain instruments, is not obligatory on the State courts. (*Carpenter* v. *Snelling*, 97 Mass., 452; *People ex rel.* v. *Gates*, 43 N. Y., 40; *Moore* v. *Moore*, 47 id., 467; *Clemens* v. *Conrad*, 19 Mich.; *Sporer* v. *Eifler*, 1 Husk. [Tenn.], 633; *Green* v. *Holway*, 101 Mass., 243; 1 R. S., 768, §§ 1–4.) The act, so far as it relates to promissory notes, has been repealed, and, being penal, cannot be enforced even as to notes made while it was in force. (*Butler* v. *Palmer*, 1 Hill, 324; *Cent. Bk.* v. *Em. S., etc., Co.*, 26 Barb., 24; *Washburn* v. *Franklin*, 35 id., 599; *Curtiss* v. *Leavitt*, 15 N. Y., 85–152, 254; *Act of Congress, June 6, 1872*, § 30.) The addition to the note of the place of payment, did not vitiate it in plaintiff's hands. (*Mitchell* v. *Culver*, 7 Cow., 336; *Mechanics' Bk.* v. *Schuyler*, id., 337; *Boyd* v. *Brotherson*, 10 Wend., 93; *Clute* v. *Small*, 17 id., 238; *Van Dusen* v. *Howe*, 21 N. Y., 531, and cases cited; *Paige* v. *Morrel*, 3 Keyes, 117; *Kitchen* v. *Place*, 41 Barb., 465; *Garrard* v. *Hadden*, 67 Penn., 82; *Spitter* v. *James*, 29 Ind; *Flint* v. *Craig*, 59 Barb, 319; *Chemung Canal Bk.* v. *Bradner*, 44 N. Y., 680; Am. L. Reg., Oct., 1870; Edwards on Bills, 92, 95; *Mich. Ins. Co.* v. *Leavenworth*, 30 Vt., 11; 1 Parsons on Bills, 109.)

Earl, C. I am well satisfied, upon a long line of authorities, that the insertion of the place of payment in this note did not avoid it in the hands of a *bona fide* holder for value.

The defendant made his note perfect in form except the place of payment, and intrusted it to Istel for a special purpose. If the word "at" had not been inserted in the note it would have been a complete note without the insertion of other words. But with that word in, preceding a blank, it carried upon its face an implied authority for any *bona fide*

holder to insert the place of payment. In such case, if the note be used, or the blank filled up contrary to the agreement or intention of the original parties, the maker is held to any *bona fide* holder for value, upon the principle that, where one of two innocent parties must suffer by the fraud or wrong of a third person, the one who put it in the power of such third person to commit the fraud or wrong must bear the loss. The liability of the maker in such case has also, sometimes, been placed upon the principle of estoppel; he, having put his paper in circulation, and thus invited the public to receive it of any one having apparent title, is estopped to urge the actual defect of title against a *bona fide* holder. Upon one or both of these principles the defendant must be held liable. In *Mitchell* v. *Culver* (7 Cowen, 336), the note was made and indorsed on the twenty-seventh day of November, payable in sixty days, with the day of the month in blank, and the maker delivered it to the plaintiff in the suit, who, by the direction of the maker, filled the blank with the fifth day of November. It was held that, where the indorser of a note commits it to the maker with the date in blank, the note carries on the face of it an implied authority to the maker to fill up the blank. To the same effect is *Page* v. *Morrell* (3 Keyes 117). In *Van Duzer* v. *Howe* (21 N. Y., 531), the defendant, Howe, wrote his acceptance upon three drafts, all in blank as to the amount, and delivered them to the drawee with directions to fill up the blanks for sums not exceeding in the aggregate $1,000, to which the drawee assented. He filled up one of them, the draft sued on, for $1,200. It was held that, a party who intrusts another with his acceptance in blank is responsible to a *bona fide* holder, although the blank be filled with a sum exceeding that fixed as a limit by the acceptor; and, that though the filling of the blank, in violation of the agreement of the parties, be a forgery, the acceptor is estopped from setting up the fact. In *Vallett* v. *Parker* (6 Wend., 616), it was held, that the fact that the note was delivered as an *escrow*, and fraudulently put in circulation, was no defence to it in the hands of a *bona fide* holder.

In *Garrard* v. *Hadden* (67 Penn., 82), the maker signed a printed note in the blank of which was written " one hundred," leaving a blank space between that and " dollars," which was in print. This, after delivery, was filled with " fifty." It was held that he was liable for the face of the note to a *bona fide* holder for value, upon the principle that, if one, by his acts, or silence, or negligence, misleads another, or affects a transaction whereby an innocent party suffers, the blamable party must bear the loss. In *Younge* v. *Grote* (4 Bingham, 253), a customer of a banker delivered to his wife certain printed checks, signed by himself, but with blanks for the sum, requesting his wife to fill the blanks up according to the exigency of his business. She caused one to be filled up with the words, " fifty pounds, two shillings," leaving a space before the word " fifty." In this state she delivered it to her husband's clerk to receive the amount, whereupon he inserted at the beginning of the line, before the word " fifty," " three hundred and." The banker having paid the whole amount, it was held that the loss must fall upon the drawer on the ground of his negligence.

In *Kitchen* v. *Place* (41 Barb., 465), it was held, that where a blank space is left in a promissory note after the word "at," in the place where the place of payment is usually mentioned, the holder of the note is authorized by an implied authority to fill the blank ; that the word "at" implies that the blank space which succeeds it may be filled before the note is delivered with a designated place of payment.

If a note be obtained from a maker by fraud, even if the fraud amount to a felony, under the statute against false pretences ; if it be made for one purpose and used by the holder for another ; if it be delivered in blank, with an agreement that the blank shall be filled in one way, and it be filled in another, in all these cases the maker is liable to a *bona fide* holder for value. The maker, rather than such holder, must suffer from his negligence or misplaced confidence. The learned counsel for the appellant claims, however, that the rule is different where the note, as in this case, is

delivered not to be used or filled up in any way. I can perceive no difference founded upon any principle. In the one case the note is delivered to be used or filled up in a particular way, and it is used or filled up in an entirely different way. In the other case, the note is made and delivered not to be used in any way. In each case there is the same wrong to the maker, the same misplaced confidence, and the same breach of trust. In either case, justice as well as the public policy, which lies at the foundation of the laws as to commercial paper, requires that the loss shall fall upon the maker rather than on the innocent holder.

In this case the liability of the defendant could be based upon his negligence. He gave a note to operate as a receipt, a purpose to which it is no way adapted. He made the note payable to his own order, and if he had stopped there it would have been just as useful as a receipt, and could not have been used against him as a note. But he made it negotiable by indorsing it, thus enabling Istel to perpetrate the fraud. He must therefore be held liable.

These views are not in conflict with the case of *Benedict* v. *Cowden* (49 N. Y. 396), to which our attention has been called. In that case defendant was applied to to become agent for "George N. Palmer, Rohe & Lidder." He consented, and it was agreed that he should sign a note for $200 with a contract in it that the note should be paid out of the profits of the machines when sold. A note was presented for $200 and interest, payable to George N. Palmer or bearer one year from date. At the bottom of the note were these words: "The above note to be paid from the profits of machines when sold." There was not room below this to sign ; defendant was advised that it would be the same if he signed above or below this memorandum ; he therefore signed above it, and delivered the note with the memorandum thereon. Subsequently this memorandum, without the knowledge or consent of defendant, was cut off and the note

Opinion of the Commission, per Earl, C.

sold to plaintiff for value without notice. In an action upon this note, the judge submitted to the jury the question whether the words at the bottom were designed by the parties as a part of the contract. They found for the defendant. The court, upon appeal, held that this memorandum was a substantial part of the contract, and qualified it the same as if inserted in the body of the instrument, and with it constituted a single contract, and that the severance of it without the consent of the maker was a material alteration, which destroyed the note even in the hands of an innocent holder for value. The same force and effect was given to the memorandum, as if it had been written above the signature; and hence it was a part of a complete instrument and its severance upon well recognized principles was clearly a material and, hence, destructive alteration. The question, whether the defendant by his act, negligent or otherwise, enabled this forger to commit the forgery, and perpetrate a fraud upon an innocent purchaser of the note was not raised at the trial, and hence was not involved in the decision of the appeal.

The stamp was omitted from this note simply that it might not be used as a note. There was no intention to defraud the revenue, and hence the omission of the stamp did not render the note invalid. (*Green* v. *Halway*, 101 Mass. 243; *Burnap* v. *Losey*, 1 Lans., 111; *Vaughan* v. *O'Brien*, 57 *Barb.* 492.) It matters not that the stamp was intentionally omitted so long as it was not omitted for the fraudulent purpose.

The order of the General Term must therefore be affirmed, and judgment, absolute, ordered against the defendant with costs.

All concur.

- Order affirmed and judgment accordingly.