(119 App. Div. 786)

NATIONAL EXCHANGE BANK OF ALBANY v. LESTER.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. BILLS AND NOTES—LIABILITIES OF INDORSEMENT—BONA FIDE PURCHASERS —DEFENSES—ALTERATION.

An accommodation indorser of a note for $75, written on a blank form, so made that the word and figure, "three" and "3," could be inserted before the word and figures, "seventy-five" and "75," respectively, without crowding, is liable to a purchaser for value for the full amount of the note as so changed, if the blank spaces were so left by his negligence; otherwise, he would be liable only for the original amount of the note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 985–991.]

**2. SAME.**

> The liability of a prior party on a negotiable instrument which has been raised does not rest entirely upon the presumed authority to make the alteration, but rather upon the principle that, if one by his silence or negligence misleads another or effects a transaction whereby an innocent party suffers, the blamable party must bear the loss.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 985–991.]

**3. SAME—STATUTORY PROVISIONS.**

> The rule of the law merchant that, where blanks are negligently left in a negotiable instrument, the party who invited the fraud by leaving the blank should sustain the loss, rather than a holder for value, is not changed by Negotiable Instruments Law, Heydecker's Gen. Laws, p. 4075, c. 50, § 205, which provides that, if a negotiable instrument is materially altered without the consent of the parties liable thereon, it is avoided, except as against one who has authorized or assented to the change and subsequent indorsers, since that section does not purport to cover cases where blanks are negligently left and changes are made by filling them, and section 7 (Laws 1897, p. 721, c. 612) thereof provides that in any case not covered by the act rules of the law merchant shall govern.

Appeal from Trial Term, Albany County.

Action by the National Exchange Bank of Albany against William Lester. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, and SEWELL, JJ.

H. & W. A. Hendrickson (W. A. Hendrickson, of counsel), for appellant.

Tracy, Cooper & Townsend (Frederick Townsend, of counsel), for respondent.

JOHN M. KELLOGG, J. The defendant was held liable as an indorser upon a promissory note of $375. He indorsed for the accommodation of the maker, and the plaintiff is a holder for value. It was claimed that the note as originally made and when it was indorsed was for $75 only, but had been fraudulently altered after the indorsement and before it reached the plaintiff. That question was submitted to the jury as a question of fact. The court charged the jury that if the note was raised, if they find the forgery was aided and abetted by the carelessness and negligence of the indorser at the time of his indorsement, then still he is liable for his indorsement, because he invited the condition which occurred in the raising of the note, if it was raised. Defendant's counsel requested the court to charge that, if the note was altered, they could only find a verdict for the original amount, which the court charged, "unless they find that the defendant was guilty of negligence in leaving such spaces in the note as would allow the holder to raise it." Exception was taken to the charge as made and to the refusal to charge. The note is written upon a blank form. In the body of the note the words "seventy-five" are written before the printed word "dollars," leaving blank about half of the line upon which the "seventy-five dollars" is written, and it is claimed the words "three hundred" were inserted in the blank after the indorsement. Upon the upper left-hand corner the dollar sign is printed, and "75" inserted after it in figures, leaving a space be-

tween the dollar sign and the "7" in which a figure "3" was inserted. Ample space was left for the insertion of the figure "3" and the words "three hundred," so that there is apparently no crowding of the words, all seeming to occupy a natural position.

It is urged that the rule which permits blanks in a negotiable instrument to be filled, and holding the prior parties responsible therefor, is confined to cases where the instrument was left incomplete in form, and impliedly made an invitation to any one to complete it, does not apply to a case like this, where the instrument was complete in itself, but blank spaces were left which would permit, or perhaps invite, the raising or alteration of the obligation. But upon such raised paper I do not think the liability of the parties rests entirely upon the presumed authority to make the alteration, but rather upon the principle that if one by his acts or silence, or negligence, misleads another, or effects a transaction whereby an innocent party suffers, the blamable party must bear the loss. In Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 412, a note of $100 was raised to $150 by filling in the blank spaces under circumstances almost identical to those here, and it was held that the maker was liable to a bona fide holder for the raised amount. This case was cited with approval in Redlich v. Doll, 54 N. Y. 234, 13 Am. Rep. 573. In Crawford v. West Side Bank, 100 N. Y. 55, 2 N. E. 882, 53 Am. Rep. 152, the court says:

"The question of negligence cannot arise, unless the depositor has, in drawing his check, left blanks unfilled, or by some affirmative act of negligence has facilitated the commission of the fraud by those into whose hands the check may come."

In Critten v. Chemical Nat. Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529, the obligation was altered, certain erasures were made, which were written over, and it was held that the maker was not required to prepare the paper so that no one could successfully tamper with it. The opinion is instructive, but is fairly well summed up in the headnote, which reads:

"While the drawer of a check may be liable where he draws the instrument in such an incomplete state as to facilitate or invite fraudulent alteration he is not bound so to prepare the check that nobody else can successfully tamper with it."

The opinion quotes the above extract from the Crawford Case, and seems to recognize the rule approved of in that case, upon the authority of Daniels on Negotiable Instruments, § 1659, and Young v. Grote, 4 Bingham, 253. The rule is stated in Daniel on Negotiable Instruments, § 1659:

"But, when the drawer has drawn his check in such a careless or incomplete manner that a material alteration may be readily accomplished without leaving a perceptible mark or giving the instrument a suspicious appearance, he himself prepares the way for fraud, and then, if it is committed, he, and not the bank, should suffer."

I think it may be accepted as the recognized rule of the law merchant that, where blanks negligently left, as in this case, are filled, the party who has invited the fraud by leaving the blanks should stand the loss, rather than a holder for value.

But it is claimed that the rule has been changed by section 205 of the negotiable instruments law (Laws 1897, p. 745, c. 612), which reads:

"Alteration of Instruments—Effect of. Where a negotiable instrument is materially altered without the consent of the parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

I do not think this section has changed the rule. It is not necessary to say that a party who leaves blanks liable to be filled by evil-disposed persons has thereby authorized or assented to the alteration as mentioned in the above section. That section purports to lay down a general rule as to the alteration of instruments. It does not purport to cover a case where a blank has been negligently left and the instrument changed by filling in the blank. The question of negligence is not referred to or covered by it. Section 7 of that law provides:

"In any case not provided for in this act the rules of the law merchant shall govern."

Therefore the rules of the law merchant govern in a case of this kind. It is unnecessary to say whether the indorser here is held liable upon account of his negligence, or whether we say that his negligence is such that he is estopped from contending that the instrument was otherwise than it now appears. The result is the same. He is suffering the loss which his negligence has caused, and, if it is not visited upon him, it must fall upon an innocent party, who must suffer loss on account of the defendant's negligence.

The judgment and order should therefore be affirmed, with costs. All concur.